NO. 93-243

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

STATE OF MONTANA,

        Plaintiff and Respondent,

   V.

JAKE STONE,

        Defendant and Appellant.


APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Dan Yardley, Yardley & Yardley,
            Livingston, Montana

        For Respondent:

            Hon. Joseph P. Mazurek, Attorney General,
            Jennifer Anders, Assistant Attorney
            General, Helena, Montana

            William Nels Swandal, Park County Attorney,
            Livingston, Montana


Submitted on Briefs: July 6, 1994

Decided: August 30, 1994

FILED

Filed: AUG 30 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The defendant, Jake Stone, was charged by information filed in the District Court of the Sixth Judicial District in Park County with two counts of aggravated assault pursuant to § 45-5-202(1), MCA (1991). Following a jury trial, he was found guilty of one count of aggravated assault and one count of felony assault pursuant to § 45-5-202(1) and (2)(a), MCA. The District Court denied Stone's motion for a new trial. Stone appeals that order of the District Court. We affirm the District Court.

The only issue presented on appeal is whether the District Court properly instructed the jury regarding the defense of justifiable use of force.

<u>FACTUAL BACKGROUND</u>

On October 28, 1992, Jake Stone and his wife, Deborah Wilson, stopped at the Wapiti Bar in Gardiner. Sometime after their arrival, the owner of the bar asked them to leave due to their disruptive behavior. At approximately the same time, Ron Dodson and Terry Peters left the bar. Dodson and Stone had, just prior to leaving the bar, exchanged verbal insults, and while exiting toward their vehicles, became involved in a physical altercation.

There were several witnesses at the scene. Testimony at trial indicated that Dodson's friend, Terry Peters, attempted to break up the fight. As the altercation began to subside, Stone grabbed a pipe two inches in diameter and two feet long from his truck and more struggling ensued. A bystander, Dean Birgsing, joined in the attempt to wrestle the pipe from Stone. Another bystander, Les

2

Kellem, pulled the pipe away, declaring that if there was to be a fight, they "didn't need no damn pipe." As Dodson, Peters, and Stone began to disperse for the second time, Stone retrieved another pipe from his truck and struck Peters in the leg and head "as if he was swinging a bat."

Meanwhile, Dodson retrieved a tire iron from his vehicle and threw it in the direction of Deborah Wilson, but did not hit her. Dodson then began to enter his vehicle and Stone attacked him with the pipe. A witness testified that Dodson attempted to protect himself by covering his face with his hands as Stone struck him in the head. Dodson scrambled under the vehicle. Stone left the scene with his wife before the sheriff and ambulance arrived. He received no serious injuries. Both Peters and Dodson were seriously injured as a result of Stone's attacks.

At trial, Stone asserted justifiable use of force as an affirmative defense. He claimed that his actions were necessary to prevent being seriously harmed himself. He claimed that Dodson and Peters had ganged up on him and that he feared for his life. The jury found Stone guilty of the felony assault of Dodson, and guilty of the aggravated assault of Peters.

Stone moved for a new trial based on his assertion that the jury instructions on justifiable use of force contained an "absolute statement" which implied that a person who is himself the aggressor cannot claim justifiable use of force. He further alleged that this misstatement of the law confused the jury, as indicated by their questions to the judge.

3

Montana allows a person to use force to defend himself or herself in a degree commensurate with the threat of harm the person faces. *See* § 45-3-102, MCA. However, **§ 45-3-105(2),** MCA, provides that the defense is not available to a person who has purposely or knowingly provoked the use of force against himself, i.e., an aggressor. The exception to this rule appears in subparagraphs (2)(a) and (b) of that same statute. Thus, an aggressor may not claim the defense justifiable force, <u>unless</u>

> **(a)** such force is so great that he reasonably believes that he is in imminent danger of death or serious bodily harm and that he has <u>exhausted every reasonable means to **escape** such **danger** other than the use of force</u> which is likely to cause death or serious bodily harm to the assailant; or
> **(b)** in good faith, he <u>withdraws from **physical** contact with the assailant and indicates **clearly** to the assailant that he desires to withdraw</u> and terminate the use of force but the assailant continues or resumes the use of force.

Section 45-3-105(2)(a) and (b), MCA (emphasis added).

The law in Montana with regard to jury instructions on justifiable use of force is well-settled. The statutes upon which the Montana Criminal Jury Instructions (MCJI) are based have not changed since their enactment as part of the Revised Criminal Code of 1973. The only deviation between the MCJI and the statutes occurs with the additional language suggested by Justice Sheehy in *State v. Graves* (1981), 191 Mont. 81, 96, 622 P.2d 203, 211-12 (Sheehy, J., concurring), to supplement the "bare" language of § 45-3-102, MCA. The instructions given to the jury regarding justifiable use of force were as follows:

4

INSTRUCTION NO. 19

A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force likely to cause death or serious bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or serious bodily harm to himself or another.

INSTRUCTION NO. 20

The defendant has pleaded justification in the use of force in this case. As such he has the burden of producing sufficient evidence of justification in the use of force to raise a reasonable doubt of his guilt. You are to consider the following requirements of the law in determining whether the use of force claimed by defendant was justified:

1)    Defendant must not be the aggressor;

2)    The danger of harm to the defendant must be a present one, not merely threatened at a future time, or without the present ability of carrying out a threat:

3)    The force threatened against the defendant must be unlawful;

4)    The defendant must actually believe that the danger exists, that is, use of force by him is necessary to avert the danger and that the kind and amount of force which defendant uses is necessary.

5)    Defendant's belief, in each of the aspects described, is reasonable even if it is mistaken.

You are further advised that even if you determine the use of force by defendant was not justified, the state still has the duty to prove each of the elements of the crime charged beyond a reasonable doubt.

INSTRUCTION NO. 21

You are instructed that the use of force in defense of a person is not available to a person who purposely or knowingly provokes the use of force against himself unless such force is so great that he reasonably believes that he is in imminent danger of death or serious bodily

5

harm and that he has exhausted every reasonable means to escape such danger other than the use of force which is likely to cause death or serious bodily harm to the assailant.

These instructions are closely patterned after MCJI 3-102, 3-115(a), and 3-105, and with the exception of the good faith withdrawal exception found at § 45-3-105(2)(b), MCA, completely represent the law on justifiable use of force in Montana, including the *Graves* instruction. "If the instructions, reviewed as a whole, fully and fairly present the law to the jury, the jury has been properly instructed." *State v. Hall* (1990), 244 Mont. 161, 172, 797 P.2d 183, 190. In this case, the judge instructed the jury to "consider the instructions as a whole . . ." on two separate occasions. Thus, the jury was admonished to read the language "defendant must not be the aggressor" with the language of Jury Instruction No. 21 setting forth the circumstances that an aggressor may claim the defense. If the jury found that the defendant was the aggressor, according to the instructions, they were required to determine whether he had exhausted every reasonable means to escape the use of similarly aggressive force against himself. *See* Jury Instruction No. 21 and § 45-3-105(2)(a), MCA. As we stated in *Graves:*

> [T]he test to be applied when error is predicated on a jury instruction is whether, when the instruction is considered as a part of the whole body of instructions, the instruction is prejudicial to the appealing party. . . .
>
> "'In determining the effect of given instructions, . . . if they fairly tender the case to the jury, the fact that one instruction, standing alone, is not as full

6

or accurate as it might have been is not reversible error.'"

*Graves*, 622 P.2d at 210-11 (quoting *State v. Reiner* (1978), 179 Mont. 239, 244-45, 587 P.2d 950, 953-54). We find that the jury instructions, when read as a whole, accurately represent the law of justifiable use of force; that there was no prejudice to Stone: and that the jury was properly instructed in this case. However, for future guidance we suggest that where there is evidence to support instructing the jury on one or both of the exceptions found at § 45-3-105(2)(a) and (b), MCA, that a paragraph like subparagraph (1) of Instruction No. 20 not be given out of context, but be read in combination with the statute's exceptions so that the instruction is clearer to the jury.

Stone further argues that questions sent to the judge from the jurors indicate confusion and misunderstanding of the law, implying that the jury verdict should be impeached. The questions were as follows:

> JURY: Re Instruction #20. Must all 5 requirements be met in order to be justified? If not, which ones must be met in order to be justified in self defense?

> JUDGE: The answer to your question is yes, but remember all the instructions are to be considered together.

Later, the jury submitted this question:

> JURY: We all agree on #1 that the defendant is the aggressor. At this point we are not agreed on the other 4. Does our agreement on point #1 make the defendant legally not justified, as he can't meet all 5 requirements on this Instruction #20?

> JUDGE: I cannot answer your question any further.

7

Rule 606(b), M.R.Evid, prohibits exploring the mental processes of jurors except for limited situations which are not present in this case.

Without exploring the jurors' states of mind, and based on the record available, the decision to grant a new trial was within the District Court's discretion. Absent a clear abuse of discretion, we will not disturb that decision on appeal. *State v. Arlington* (Mont. 1994), 875 P.2d 307, 321, 51 St. Rep. 417, 427.

We conclude that the jury instructions, when considered together, fairly instructed the jury regarding justifiable use of force, and that the District Court did not abuse its discretion when it denied defendant's motion for a new trial.

We affirm the judgment of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

8

August 30, 1994

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

DAN YARDLEY
YARDLEY & YARDLEY
P.O. Box 482
Livingston, MT 59047


HON. JOSEPH P. MAZUREK, Attorney General
Jennifer Anders, Assistant
Justice Bdlg.
Helena, MT 59620


WILLIAM NELS SWANDAL, County Attorney
Park County
414 East Callender
Livingston, MT 59047




ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA


BY:_____
Deputy