FILED

10/27/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0495

DA 19-0495

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 276N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

TIMOTHY McNEW,

       Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. ADC-2019-132
                Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

          Taryn Gray, Driscoll Hathaway Law Group, Missoula, Montana

       For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
          Attorney General, Alizabeth Bronsdon, Legal Intern, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Peter Delmoe, Deputy
          County Attorney, Helena, Montana

Submitted on Briefs:  September 30, 2020

Decided:  October 27, 2020

Filed:

                                   Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Timothy Michael McNew (McNew) appeals the January 31, 2019 Judgment and Order issued by the Lewis and Clark County Justice Court, convicting McNew of two counts of Partner Family Member Assault (PFMA) and the May 1, 2019 Order on Appeal from Justice Court issued by the First Judicial District Court, Lewis and Clark County, affirming McNew's convictions. We affirm.

¶3 On July 14, 2018, McNew, his wife Nicole, and their daughter Keeley went to the Saturday night rodeo. On the drive home—Keeley was driving as McNew and Nicole were intoxicated—McNew and Keeley got into an argument. During the kerfuffle, McNew called Keeley a "cunt," which infuriated Nicole. Nicole, sitting in the front passenger seat, began hitting at McNew, seated behind her in the back seat. After being struck in the arm and telling Nicole to stop, McNew slapped Nicole across the face so hard Keeley heard it and Nicole's earring came off. Keeley then stopped the car, ordered McNew out, and left him by the side of the road to walk home.

¶4 When Nicole and Keeley arrived home, they went inside and locked the doors and windows. McNew arrived somewhat later and began banging on the door, yelling to get

2

in. Keeley called 9-1-1 and law enforcement intervened. Keeley told responding officers she had never seen McNew like this, she did not know what he could have done, and she was really scared. She further reported she thought he would hit her and kick her out of the house. McNew was charged with two counts of PFMA—one related to striking Nicole and one relating to causing reasonable apprehension of bodily injury to Keeley. McNew asserted the affirmative defense of justifiable use of force (JUOF) for the charge relating to Nicole.

¶5 At trial, Keeley's and Nicole's testimonies were not completely consistent with the reports they made to responding officers on the evening of the event. At conclusion of the bench trial, the trial court convicted McNew of both PFMA charges and concluded Keeley's and Nicole's testimonies at trial were not credible when compared to their reports to responding officers on the evening of the incident. McNew appealed his convictions to the District Court, asserting there was insufficient evidence to support the convictions. After review of the record, the District Court concluded there was ample evidence supporting the PFMA conviction related to Nicole and overwhelming evidence to support the conviction related to Keeley.

¶6 McNew continues to assert there is insufficient evidence to support either of the PFMA convictions. The State contrarily asserts when viewed in the light most favorable to the prosecution, there is sufficient evidence to support both convictions.

¶7 When a district court functions as an intermediate appellate court, we review the appeal de novo as though it were originally filed in this Court. *State v. Holland*, 2019 MT

128, ¶ 7, 396 Mont. 94, 443 P.3d 519. We review de novo whether sufficient evidence supports conviction—when viewed in the light most favorable to the prosecution, whether any rational trier of fact could find the essential elements of the charged offense beyond a reasonable doubt. *State v. Finley*, 2011 MT 89, ¶ 28, 360 Mont. 173, 252 P.3d 199. Montana law permits a person to use force to defend oneself in a degree commensurate with the harm faced. *State v. Stone*, 266 Mont. 345, 347, 880 P.2d 1296, 1298 (1994). The primary issue where JUOF is asserted is the reasonableness of the defendant's belief that use of force is necessary. *State v. Branham*, 2012 MT 1, ¶ 10, 363 Mont. 281, 269 P.3d 891. The necessity for using force and the degree of force necessary are questions of fact. *State v. Miller*, 1998 MT 177, ¶ 28, 290 Mont. 97, 966 P.2d 721.

¶8 When viewed in the light most favorable to the State, we conclude there was sufficient evidence to establish the PFMA relating to Nicole. Through his assertion of a JUOF defense, McNew admits he committed a PFMA against Nicole. While he presented his version of the event, that version did not overcome the evidence that McNew was not justified in slapping Nicole in the face. It is clear from McNew's testimony he was not injured or in any type of imminent danger when Nicole was flailing her arms at him and, other than tell her to stop, it is also clear he did nothing to avoid her—such as moving out of her reach or holding her arms to keep her from hitting him—before he struck her. McNew struck Nicole with sufficient intensity to knock her earring off. Keeley heard the slap and in response pulled over to demand McNew exit the vehicle so she and Nicole

4

could get away from him. There was sufficient evidence to conclude McNew was not in imminent threat of harm and the force he used exceeded that necessary to deter Nicole.

¶9     When viewed in the light most favorable to the State, we also conclude there was sufficient evidence to establish the PFMA relating to Keeley. McNew asserts Keeley's testimony at trial did not support conviction and her prior inconsistent statements made to responding officers on the evening of the incident were not sufficiently corroborated. At trial, Keeley testified she believes she told responding officers she thought McNew would hit her and kick her out of the house. Responding officer Kyle Northrop testified to his personal observation of Keeley's demeanor that she appeared to be very scared and as she talked about the incident she cried and became more visibly upset. His observations corroborate the initial version of events Keeley related to responding officers. Further evidence corroborates Keeley having a reasonable apprehension of bodily injury from McNew including: 1) Keeley witnessing McNew striking Nicole[1]; 2) getting away from McNew by stopping the vehicle and demanding he get out; 3) Keeley and Nicole's actions to protect themselves by locking the windows and doors and refusing to open them upon McNew's return; and 4) Keeley's calling 9-1-1. Further, the trial court was in the best position to view the testimony and demeanor of Nicole and Keeley, assess their motivations, weigh their credibility, and determine which version of events—the one they reported to responding officers or the one they later testified to at trial—was more credible.

---

[1] Thus, knowing he is capable of using violence against family members.

¶10    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR