No. 04-065

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 18

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

DAVID MICHAEL SMITH,

        Defendant  and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 02–361
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Alice Kennedy, Public Defender Office, Missoula, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; C. Mark Fowler,
Assistant Attorney General, Helena, Montana

        Fred Van Valkenburg, Missoula County Attorney; Kirsten LaCroix,
Missoula, Montana

Submitted on Briefs:  November 23, 2004

Decided:  February 1, 2005

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 David Michael Smith (Smith) appeals from the judgment entered by the Fourth Judicial District Court, Missoula County, on his convictions and sentences for the offenses of theft and theft by common scheme. We affirm.

¶2 The sole issue on appeal is whether the District Court abused its discretion in denying Smith's motion for a mistrial.

BACKGROUND

¶3 On October 3, 2002, the State of Montana (State) charged Smith by information with the offenses of theft, a misdemeanor, and theft by common scheme, a felony. The State alleged that Smith stole an ATM card from his mother, Bernice Smith (Bernice), and used the card to withdraw money from her bank account and charge items for his personal use in an amount totaling $4,260.54. During pretrial proceedings, Smith moved *in limine* to preclude witnesses at trial from testifying regarding any prior crimes, wrongs or bad acts committed by Smith, including any testimony regarding his prior criminal convictions. The State did not oppose the motion and stated it would instruct its witnesses not to refer to any of those matters while testifying. The District Court granted the motion.

¶4 A jury trial was held on September 8, 2003. The State called Bernice to testify during its case-in-chief. Bernice testified that, on July 23, 2002, she discovered that her ATM card was missing from her purse. She did not know how long the card had been missing. She further testified that Smith, who had been living in her house, had disappeared during the

2

week before her discovery and she suspected that he had taken the card. During cross-examination, Smith's counsel asked Bernice what efforts she made to locate Smith after she discovered the ATM card was gone. Bernice responded as follows:

> Well, one of the things was is that I went to his parole officer, my husband and I went to his parole officer, to see if he knew where he was at.

Smith then moved for a mistrial, asserting that Bernice's reference to his parole officer indicated prior bad acts by Smith and violated the order *in limine*. The District Court denied the motion on the basis that Bernice's statement was in direct response to a question asked by Smith's counsel. Smith did not request the District Court to give the jury a cautionary instruction and the court did not do so.

¶5 At the close of trial the jury found Smith guilty of both offenses. The District Court subsequently sentenced Smith and entered judgment on the convictions and sentences. Smith appeals.

## STANDARD OF REVIEW

¶6 We review a district court's grant or denial of a motion for a mistrial to determine whether the court abused its discretion. State v. Weldele, 2003 MT 117, ¶ 72, 315 Mont. 452, ¶ 72, 69 P.3d 1162, ¶ 72.

## DISCUSSION

¶7 Did the District Court abuse its discretion in denying Smith's motion for a mistrial?

¶8 Smith contends the District Court abused its discretion in denying his motion for a mistrial because Bernice's testimony referring to his parole officer constituted evidence of

3

prior bad acts in violation of the court's order *in limine*. He relies on State v. Partin (1997), 287 Mont. 12, 18, 951 P.2d 1002, 1005, for the general rule that a mistrial is appropriate where there is a reasonable possibility that inadmissible evidence may have contributed to a defendant's conviction. He further observes that, pursuant to Partin, 287 Mont. at 18, 951 P.2d at 1005, this Court considers three factors in determining whether an inadmissible statement contributed to a conviction--the strength of the evidence against the defendant, the prejudicial effect of the testimony and whether a cautionary jury instruction could cure any prejudice. Smith asserts that application of these three factors establishes there is a reasonable possibility that Bernice's inadmissible testimony may have contributed to his conviction and denied him a fair and impartial trial.

¶9 The State responds that the District Court correctly observed that Bernice's statement regarding Smith's parole officer was in direct response to a question from Smith's counsel and, therefore, any error resulting from Bernice's testimony was invited by Smith. It contends that, on this basis, we should decline to review the merits of this issue under the well-established rule that we will not reverse a district court's ruling based on error in which the complaining party acquiesced or participated.

¶10 We often have held that a party waives the right to appeal an alleged error by a district court when the appealing party acquiesced in, actively participated in or did not object to the error. See, e.g., State v. Gardner, 2003 MT 338, ¶¶ 44 and 47, 318 Mont. 436, ¶¶ 44 and 47, 80 P.3d 1262, ¶¶ 44 and 47; State v. Harris, 1999 MT 115, ¶¶ 32-33, 294 Mont. 397, ¶¶ 32-33, 983 P.2d 881, ¶¶ 32-33. Thus, where objectionable evidence or testimony is elicited by

4

a party's own actions, that party waives the right to allege error on appeal because of the party's active participation in creating the error. See Harris, ¶¶ 32-33.

¶11   In State v. Gafford (1977), 172 Mont. 380, 563 P.2d 1129, for example, the defendant contended on appeal that the trial court erred in denying his motion for a mistrial based on comments made by two prospective jurors during *voir dire* regarding the defendant's prior bad acts. We declined to hold the trial court committed reversible error in denying the motion for mistrial because the allegedly prejudicial comments were elicited by the defendant's own counsel. Gafford, 172 Mont. at 386, 563 P.2d at 1133. The defendant's counsel invited the comment from the first juror that the defendant previously had been charged with driving while intoxicated by further questioning the juror regarding his remark that he once had been in jail with the defendant. Gafford, 172 Mont. at 386, 563 P.2d at 1132-33. As to the second juror's remark that he knew the defendant had been in trouble before, we held there was no reversible error because the remark was in response to a broadly worded question--rather than a question limited to a "yes" or "no" response--by defense counsel and "was within the bounds of a normal response by a layman unversed in the intricacies of language and correct legal procedure." Gafford, 172 Mont. at 386, 563 P.2d at 1133.

¶12   The situation in Gafford with respect to the second juror is similar to that presented here. In this case, Smith's counsel asked Bernice on cross-examination "what efforts, if any, did you [take to] locate [Smith] at that point?" Bernice responded that "one of the things was is that I went to his parole officer, my husband and I went to his parole officer, to see if he

5

knew where he was at." Smith's counsel asked Bernice a broad, open-ended question to which she gave an honest answer. Because Bernice was the State's witness and, thus, was being cross-examined by Smith's counsel, counsel could have asked a question which required a simple "yes" or "no" response or a question otherwise leading to a specific answer, but did not.

¶13 Smith contends that <u>Gafford</u> is distinguishable because, in that case, the prospective jurors were not warned to refrain from mentioning the defendant's prior bad acts or crimes. Here, in contrast, the District Court's order *in limine* specifically precluded admitting evidence of such acts and the State's witnesses--including Bernice--had been instructed not to mention any of Smith's prior bad acts or crimes in their testimony. Consequently, according to Smith, Bernice should have known to answer his counsel's question without mentioning any inadmissible information, as she had been instructed.

¶14 When Smith moved for a mistrial following Bernice's remark, the District Court held a discussion outside the presence of the jury during which Bernice stated that she had been instructed not to mention Smith's prior bad acts or convictions, but "didn't know that I wasn't supposed to mention that" Smith had a parole officer. It is undisputed that Bernice is not a lawyer, nor does she have other legal training or experience which would provide her with the knowledge that mentioning Smith's parole officer could be within the prohibition on referring to Smith's prior bad acts. In other words, Bernice's response to the broad question asked by Smith's counsel "was within the bounds of a normal response by a layman

6

unversed in the intricacies of language and correct legal procedure." See Gafford, 172 Mont. at 386, 563 P.2d at 1133.

¶15 Finally, we observe that Smith compounded the effect of his participation in the District Court's alleged error by not asking the court to cure potential prejudice resulting from Bernice's remark by moving to strike the answer or requesting the court to give the jury a cautionary instruction regarding the effect of the testimony. See, e.g., State v. Soraich, 1999 MT 87, ¶ 21, 294 Mont. 175, ¶ 21, 979 P.2d 206, ¶ 21. We conclude that, by asking Bernice the broad, open-ended question on cross-examination, Smith invited the error contained in her response that she spoke to Smith's parole officer. Therefore, because Smith actively participated in creating the error of which he now complains, we further conclude that he has waived his right to raise this allegation of error on appeal.

¶16 We hold that the District Court did not abuse its discretion in denying Smith's motion for a mistrial.

¶17 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER