No. 05-366

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 292

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

LARRY HARVILLE,

   Defendant and Appellant.

APPEAL FROM: District Court of the Eighteenth Judicial District,
       In and For the County of Gallatin, Cause No. DC-04-289
       Honorable Holly B. Brown, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

      Eric M. Brewer, Gallatin County Public Defender's Office,
      Bozeman, Montana

   For Respondent:

      Hon. Mike McGrath, Attorney General; Tammy K. Plubell,
      Assistant Attorney General, Helena, Montana

      Marty Lambert, Gallatin County Attorney, Bozeman, Montana
      Paul Luwe, Bozeman City Attorney; Susan L. Wordal, Assistant
      City Attorney, Bozeman, Montana

          Submitted on Briefs: May 9, 2006

             Decided: November 8, 2006

Filed:

     _____
           Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Larry Harville appeals from the order entered by the Eighteenth Judicial District Court, Gallatin County, affirming the judgment and sentence entered by the Bozeman Municipal Court upon a jury verdict convicting him of the misdemeanor offense of assault. We affirm.

¶2     The issue on appeal is whether the District Court correctly determined the Municipal Court did not abuse its discretion in denying challenges for cause against two prospective jurors.

## BACKGROUND

¶3     Bozeman Police Officer Christopher Randle alleged in a complaint that Harville committed assault, and issued a notice for Harville to appear in Municipal Court. According to Randle's affidavit of probable cause, he and two other officers were dispatched to a laundry and advised that a male had hit an elderly female. Randle stated in the affidavit that he observed a woman inside the laundry with swelling and knuckle imprints on her left cheek. Randle further stated the woman told him Harville wanted to use her washing machine, an argument ensued, Harville began removing her clothes from the machine, she slapped him on the hip, and Harville punched her in the face. Randle reported that a witness described the incident in a manner generally consistent with the woman's version of events, while Harville told another officer he hit the woman in self-defense.

¶4     Harville advised the Municipal Court he would assert the defense of justifiable use of force, and the case proceeded to trial. During voir dire of prospective jurors, defense counsel

2

asked if anyone believed that a male should never hit a female or that it was "not right" for a male to hit a female, and some prospective jurors responded by a show of hands. Counsel then questioned the prospective jurors individually on that point.

¶5 Later, outside the presence of the jury panel, the Municipal Court asked whether counsel had any challenges for cause, and defense counsel responded affirmatively regarding four prospective jurors. The court called each challenged prospective juror back individually for further questioning by the court and by counsel. During this process, defense counsel withdrew one of his challenges for cause, and the court granted one challenge for cause after the prosecutor withdrew an earlier objection to the challenge. The court denied the defense's challenges for cause regarding prospective jurors David Robinson and Paul Borgeson. Harville subsequently used two of his peremptory challenges to remove Robinson and Borgeson, and the jury was impaneled.

¶6 At the close of trial, the jury returned a verdict of guilty, and the Municipal Court sentenced Harville. He appealed to the District Court, arguing the Municipal Court abused its discretion in denying his challenges for cause, and raising a discovery-related matter which is not at issue in this appeal. The District Court affirmed. Among other things, it reasoned that Robinson and Borgeson's strong convictions about not striking women and values regarding violence against women were no different from those of general society. The District Court also determined both Robinson and Borgeson demonstrated willingness to evaluate the facts in determining whether there were grounds for Harville's justifiable use of force defense. Harville appeals. We set forth additional facts as necessary in the discussion

3

below.

## STANDARD OF REVIEW

¶7     We review a trial court's denial of a challenge for cause for abuse of discretion. *See State v. Marble*, 2005 MT 208, ¶ 10, 328 Mont. 223, ¶ 10, 119 P.3d 88, ¶ 10 (citation omitted). Here, the District Court has reviewed the Municipal Court's decisions to deny two challenges for cause and determined no abuse of discretion occurred.

## DISCUSSION

¶8     **Did the District Court correctly determine the Municipal Court did not abuse its discretion in denying challenges for cause against two prospective jurors?**

¶9     Section 46-16-115(2), MCA, sets forth the bases for challenging potential jurors for cause in Montana criminal cases. One specified basis is that a juror has "a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." Section 46-16-115(2)(j), MCA. A challenge under § 46-16-115(2)(j), MCA, must be determined pursuant to both the statutory language and the totality of the circumstances presented. *State v. Golie*, 2006 MT 91, ¶ 8, 332 Mont. 69, ¶ 8, 134 P.3d 95, ¶ 8 (citation omitted). If voir dire examination raises a serious question about a prospective juror's ability to be fair and impartial, dismissal for cause is favored. *State v. Richeson*, 2004 MT 113, ¶ 14, 321 Mont. 126, ¶ 14, 89 P.3d 958, ¶ 14 (citation omitted). A prospective juror's responses are reviewed as a whole in determining whether a serious question has arisen regarding his or her ability to be fair and impartial. *Golie*, ¶ 10 (citation omitted). A prospective juror's spontaneous, and usually initial, statements or responses with respect to challenges for cause based on § 46-16-

4

115(2)(j), MCA, are emphasized. *Golie*, ¶ 26 (citation omitted).

¶10 In prior cases, we have set forth prospective jurors' statements as a whole and analyzed the parties' arguments in relation to them. *See, e.g.*, *Golie*, ¶¶ 11-29; *State v. Heath*, 2004 MT 58, ¶¶ 17-41, 320 Mont. 211, ¶¶ 17-41, 89 P.3d 947, ¶¶ 17-41. Here, however, while Harville sets forth a large portion of the prospective jurors' responses in the statement of the facts section of his appellate brief, his arguments are general in nature. Therefore, we deem it unnecessary to set forth Robinson and Borgeson's statements at length, and we address Harville's arguments as presented, holding Harville to his burden—as the appellant—of establishing error. *See State v. Buck*, 2006 MT 81, ¶ 30, 331 Mont. 517, ¶ 30, 134 P.3d 53, ¶ 30 (citations omitted).

¶11 Harville generally asserts Robinson and Borgeson demonstrated prejudice—not regarding the assault charge—but with respect to his asserted defense of justifiable use of force. In this respect, Harville contends Robinson admitted bias in his initial responses to defense counsel's questioning—which included Robinson's statements that there was a "possibility" his belief that a man should never hit a woman could affect his judgment and, on that basis, he was not certain he could assure Harville he could judge the case impartially. In addition, Harville points to Robinson's statement, which occurred near the end of the questioning outside the presence of the panel, that he did not know if he could entirely assure that he could set aside who he was. Harville also highlights Borgeson's statements that it went against everything he was raised to believe for a man to hit a woman and that he did not think he could honestly assure Harville that he would be able to set that belief aside.

5

¶12 On appeal, Harville does not mention the District Court's reasoning that Robinson and Borgeson's stated beliefs were consistent with those held by society in general. Nor has he presented any argument or advanced any authorities under which a commonly held belief may be the basis for a successful challenge for cause under § 46-16-115(2)(j), MCA. A district court's decision is presumed correct and, as noted above, the appellant bears the burden of establishing error. *See Buck*, ¶ 30. We conclude Harville has not carried his burden of establishing error regarding the District Court's "commonly held belief" rationale in affirming the Municipal Court.

¶13 In this regard, we observe Harville's reliance on *State v. Freshment*, 2002 MT 61, 309 Mont. 154, 43 P.3d 968. There, two prospective jurors expressed reluctance to acquit a defendant charged with sexual intercourse who asserted he reasonably believed one alleged victim was 16 years old or older and, therefore, legally old enough to consent. Those prospective jurors stated, among other things, that they thought an adult should be "cautious" in such circumstances because teenagers often lie about their ages. *Freshment*, ¶¶ 8-9. We reversed regarding the district court's denial of the defendant's challenges for cause, determining a serious question had arisen about the prospective jurors' ability to be fair and impartial because they "stated an actual bias directly related to an issue critical to the outcome of the case, i.e.[,] whether Freshment could have a reasonable belief one of the victims was 16 or older." *Freshment*, ¶¶ 16, 19.

¶14 In *Freshment*, we did not address a court's reasoning or a party's assertion that prospective jurors had expressed a belief about an affirmative defense consistent with values

6

held by society in general, or whether such a belief could constitute bias as contemplated by § 46-16-115(2)(j), MCA. Harville's reliance on *Freshment* consists of a brief recitation of the facts and holding of that case, an assertion that *Freshment* controls with respect to alleged "coaxed recantations" here, and statements of certain rules—including the standard of review for a trial court's denial of a challenge for cause and the "automatic reversal" rule applicable when a trial court abuses its discretion in denying a challenge for cause, the challenging party uses a peremptory challenge to remove the disputed prospective juror and the challenging party exhausts all of his or her peremptory challenges. As discussed above, Harville has not addressed the District Court's reasoning regarding "social values," in relation to *Freshment* or otherwise. Thus, to the extent that the District Court's reasoning in this case presents a matter not addressed in *Freshment*, Harville's reliance on *Freshment* is insufficient to establish error here.

¶15   Harville makes other assertions, however. First, he contends justifiable use of force is a "gender neutral" defense and, therefore, Robinson and Borgeson demonstrated bias with respect to that defense by stating their beliefs that a man should not hit a woman. Section 45-3-102, MCA, provides, in part, that "[a] person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force." To find a defendant not guilty pursuant to a defense of justifiable use of force, the finder of fact must determine the defendant (1) was not the aggressor, (2) reasonably believed he or she was in imminent danger of unlawful harm, and (3) used reasonable force necessary to

7

defend himself or herself. *See State v. Russell*, 2001 MT 278, ¶ 24, 307 Mont. 322, ¶ 24, 37 P.3d 678, ¶ 24 (citation omitted). In *State v. Miller*, 1998 MT 177, ¶ 29, 290 Mont. 97, ¶ 29, 966 P.2d 721, ¶ 29, we reasoned that a rational trier of fact could consider, among other things, the respective heights and weights of the defendant and the alleged victim in determining the reasonableness of the defendant's asserted belief in relation to a justifiable use of force defense. Our statement clearly was not an exclusive list of matters a trier of fact can consider. Harville cites to no authority, and presents no argument, supporting his position that a finder of fact may not also consider gender in such a determination. Rule 23(a)(4), M.R.App.P., requires an appellant to support contentions with analysis and citations to relevant authority. Thus, we decline to address Harville's unsupported assertion regarding the allegedly "gender neutral" defense further. *See Buck*, ¶ 28 (citation omitted).

¶16 Next, Harville asserts Robinson and Borgeson should have been dismissed for cause because another prospective juror was dismissed for cause "even as the court tried to rehabilitate him." As mentioned above, the prosecutor withdrew his previous objection to Harville's challenge regarding that prospective juror. On appeal, Harville cites to no authority, as required by Rule 23(a)(4), M.R.App.P., to support his assertion that a court's dismissal for cause of one prospective juror—after a party withdraws a previous objection to the challenge for cause—has any relationship to denials of challenges for cause pertaining to other prospective jurors. Thus, we decline to address that assertion further. *See Buck*, ¶ 28.

¶17 Finally, Harville asserts the prosecutor and Municipal Court improperly coaxed recantations of Robinson and Borgeson's allegedly biased statements. Having concluded

8

Harville has not established error with respect to the District Court's reasoning that Robinson and Borgeson's statements were consistent with those held by society in general or otherwise, we need not address Harville's argument regarding coaxed recantations of those statements.

¶18 We hold the District Court correctly determined the Municipal Court did not abuse its discretion in denying Harville's challenges for cause.

¶19 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE

Justice Patricia O. Cotter dissents.

¶ 20 I dissent. Harville did not address on appeal the District Court's reasoning that the two jurors' stated beliefs were consistent with those held by society in general (see ¶ 12); rather, he contended, on the basis of our well-recognized jurisprudence in *Richeson* and other cases, that the jurors expressed such a bias against his defense that they could not serve as fair and impartial jurors. Nonetheless, the Court has seen fit to fault Harville for failing to

9

refute this aspect of the District Court's reasoning, and in the process has implicitly endorsed the rationale of the District Court that if a challenged juror's belief is commonly held, it does not justify dismissal for bias. There is no authority for this conclusion; in fact, it flies in the face of our jurisprudence.

¶ 21 As the Court notes at the outset of its discussion, the time-honored query in determining the suitability of a juror is whether *voir dire* has raised a serious question about a prospective juror's ability to be fair and impartial. If a serious question exists, then dismissal for cause is favored. See *Richeson* and *Freshment* as addressed in ¶¶ 9 and 13 of the Court's Opinion. The question has never been—until, arguably, today—whether the juror's beliefs, partial or not, are consistent with those held by society in general. Indeed, such a litmus test makes no sense. Presumably, every rational juror believes that assault, or theft, or murder is wrong. The point is not whether one believes such crimes to be wrong, the point is whether one's adamancy in this regard will color his or her judgment to the point that such person cannot with impartiality weigh the evidence against the accused. I fear this basic tenet will be lost on the reader of this Opinion, however, in light of our conclusion that Harville has failed to establish that the District Court erred in reasoning that these jurors were acceptable because they held beliefs consistent with those held by society as a whole. See ¶¶ 12 and 17.

¶ 22 We have today elevated to a position of serious consideration in the juror selection process the question of whether a juror's bias might be excused simply because it is one commonly held by society. This has never been our test and it is surely not the law. We have erred—and invite further error in the future—by doing so. I strongly dissent.

10

/S/ PATRICIA COTTER