CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶48 I join in the Court’s opinion on issues one through three. I concur in the Court’s resolution of issue four, but respectfully dissent from the Court’s approach to the issue. I would apply common law plain error review, reverse the District Court on the merits of the double jeopardy issue, and remand-as the Court does-for re-sentencing. I would not allow the State to put a District Court in error by agreeing with Wing’s “remedy,” without having been bothered to address the propriety of plain error review or the merits of the double jeopardy claim.
¶49 District court decisions are presumed to be correct and the appellant bears the burden of establishing error. See e.g. State v. Gomez, 2007 MT 111, ¶ 33, 337 Mont. 219, ¶ 33, 158 P.3d 442, ¶ 33; State v. Harville, 2006 MT 292, ¶ 12, 334 Mont. 380, ¶ 12, 147 P.3d 222, ¶ 12. At a minimum, I believe the State owes Montana’s trial courts sufficient respect to either support decisions on the merits or concede the validity of an appellant’s substantive arguments. I understand the Court’s willingness to follow the procedure offered by the State here. Our workload is enormous and, as is well known, we are unable to remain current in deciding the cases before us. It is my view, though, that the State’s and, now, the Court’s approach cheapens the administration of justice in Montana and shows disrespect for our *259 trial judges. The district courts do not deserve such treatment.
¶50 If, in the State’s view, a trial court has made a legal error in analyzing something as important as constitutional double jeopardy protections, the State should concede the issue on the merits so that law is established. If not, the State should present legal argument and authority in support of the decision which is presumed to be correct.
¶51 We are all conscious of doing our work timely. We also are conscious of doing quality work. These two critical aspects of the administration of the criminal justice system are in daily tension. As already mentioned, this Court is not current. The same is true of the Appellate Bureau of the Office of the Attorney General, which seeks significant numbers of extensions of time to file the State’s briefs in criminal appeals. In my opinion, however, the “answer” to this tension between time and quality-whatever it may be-cannot be to simply throw district court decisions to the wolves in such a casual way as this.
¶52 I have an additional concern. A process whereby the State can just agree with an appellant’s remedy, without addressing the issues presented on the merits, may well allow the State to “cherry pick” issues and control outcomes without the necessity of doing much substantive work. The potential result, I fear, is that this Court will end up writing precedential opinions in criminal appeals only in cases in which the State is confident it will prevail. This result would literally stand the administration of justice on its head.
¶53 I dissent from the Court’s approach to the fourth issue. I join it in remanding this case to the District Court for resentencing.
JUSTICE NELSON concurs.
¶54 While I join the Court’s Opinion, I also join Chief Justice Gray’s comments at ¶¶ 49-52 of her Concurrence and Dissent. If all or part of either the defendant’s or the State’s argument on appeal is meritorious, then a concession is in order from the other party; if it is not, then the opposing argument should be made. It benefits no one-neither the parties nor the courts-to brief and decide issues that are without merit. The obligation for every lawyer to seek-and, in my view, to acknowledge-the truth is not limited to the practice of civil law.