FILED

January 3 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0614

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 1

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES IVAN BRANHAM,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-8
Honorable Douglas G. Harkin, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David Avery, Avery Law Office, Missoula, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General, Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney; Kristen LaCroix,
Suzy Boylan, Deputy County Attorneys, Missoula, Montana

Submitted on Briefs:  November 9, 2011

Decided:  January 3, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Charles Ivan Branham appeals from the October 22, 2010 judgment and conviction of the Fourth Judicial District Court, Missoula County, entered after a jury trial, adjudging him guilty of mitigated deliberate homicide, § 45-5-103, MCA, and sentencing him to forty years at the Montana State Prison without the possibility of parole.

## FACTUAL BACKGROUND

¶2 During the night of December 10-11, 2009, Branham fatally stabbed Michael Kinross-Wright during a fight. The fight arose from the fact that Brittany Wells, the mother of one of Branham's children, had a romantic and drug-using relationship with Kinross-Wright. After discovering text messages from Kinross-Wright to Wells, Branham went to Kinross-Wright's apartment. The two fought and during the fight Branham obtained a knife from the floor and stabbed Kinross-Wright.

## STANDARD OF REVIEW

¶3 The applicable standards of review will be discussed with the individual issues.

## DISCUSSION

¶4 *Issue One: Whether the District Court erred in refusing to admit evidence offered by Branham to show Kinross-Wright's propensity for violence.*

¶5 At trial, Branham acknowledged that he stabbed Kinross-Wright, but argued that the stabbing was a justifiable use of force. The State and Branham disputed who was the initial aggressor as well as some of the details of the fight. Branham contended that

2

Kinross-Wright attacked him when he got to the apartment, punching him multiple times until he fell to the ground. Branham testified that Kinross-Wright continued to beat him, and that he picked up a knife he saw on the floor, stabbing backward toward Kinross-Wright. Branham testified that he managed to then break free but that Kinross-Wright ran at him and Branham stabbed him again. Kinross-Wright suffered multiple stab wounds, including one to the stomach which was the fatal wound. Branham testified that he left the apartment and threw the knife in the river. Upon arrest, Branham had bruises, scratches and a cut lip.

¶6 The State's theory of the case was that the stab wound to Kinross-Wright's stomach was the fatal wound, and was inflicted early in the fight. The State contended that the stomach wound caused Kinross-Wright to fall across Branham's back, and that the stomach wound was inflicted before Branham's life was threatened. The State presented evidence of Branham's statements the night of the fight that if he had not found the knife, he and Kinross-Wright "probably would have duked it out" and he would have ended up running away.

¶7 Branham presented evidence, admitted by the District Court, to support his defense of justifiable use of force. Wells testified that when she called Kinross-Wright to tell him that Branham was coming to the apartment, Kinross-Wright said that Branham would get what he deserved. Branham testified that Kinross-Wright was aggressive, used threatening language, and attacked him with punches to the face. Branham testified that after Kinross-Wright knocked him to the ground punching and kicking him, he feared severe injury or death. Branham testified that he grabbed the knife because he was scared

3

that he was going to die. Branham testified that he knew that Kinross-Wright was in a gang and had a violent past, and that this influenced his fearfulness and his use of force.

¶8 In addition to this evidence, Branham sought to introduce evidence that some months prior to the fight, Kinross-Wright had threatened Jamie Landsness and her mother with a knife. He also sought to introduce evidence of other specific instances of Kinross-Wright's aggressive personality and threatening behavior toward others. After extended discussion out of the presence of the jury, the District Court disallowed this evidence because Branham was not aware of these facts at the time of the fight with Kinross-Wright and because the probative value was "outweighed by danger of unfair prejudice, confusion and misleading to the jury."

¶9 District courts have broad discretion to determine what evidence is relevant and admissible, and this Court reviews evidentiary issues for abuse of discretion. *State v. Damon*, 2005 MT 218, ¶ 12, 328 Mont. 276, 119 P.3d 1194.

¶10 At trial Branham relied upon the defense of justifiable use of force. Section 45-3-102, MCA, provides:

> A person is justified in the use of force or threat to use force against another when and to the extent that the person reasonably believes that the conduct is necessary for self-defense or the defense of another against the other person's imminent use of unlawful force. However, the person is justified in the use of force likely to cause death or serious bodily harm only if the person reasonably believes that the force is necessary to prevent imminent death or serious bodily harm to the person or another or to prevent the commission of a forcible felony.

4

The primary issue in the affirmative defense of justifiable use of force is the reasonableness of the defendant's belief that the use of force is necessary. Therefore, only facts known to the defendant at the time of the incident are relevant. *State v. Montgomery*, 2005 MT 120, ¶ 19, 327 Mont. 138, 112 P.3d 1014; *State v. Henson*, 2010 MT 136, ¶ 27, 356 Mont. 458, 235 P.3d 1274. While Branham acknowledges that evidence pertaining to whether his use of force was reasonable must be limited to facts that he knew about Kinross-Wright at the time of the fight, he contends that the other evidence of Kinross-Wright's character, unknown to him at the time, was admissible to show that Kinross-Wright was likely the aggressor. At trial Branham sought to introduce evidence of other incidents where Kinross-Wright allegedly acted in a violent manner.

¶11 Rule 405, M. R. Evid., allows admission of evidence of character when the character of a person "is an essential element of a charge, claim, or defense" or where the "character of the victim relates to the reasonableness of force used by the accused in self defense." Character may be proven through reputation evidence or through specific instances of conduct. M. R. Evid. 405; *State v. Sattler*, 1998 MT 57, ¶ 44, 288 Mont. 79, 956 P.2d 54. In this case Branham sought to introduce evidence of specific instances in which Kinross-Wright acted in an aggressive or violent manner. However, neither the identity of the aggressor nor proof of the victim's violent character is an element of the defense of justifiable use of force under § 45-3-102, MCA. And, evidence of specific instances of a victim's prior acts, unknown to the defendant, is not admissible under M.

R. Evid. 405. *Sattler*, ¶ 45 (identity of the aggressor); *State v. Deschon*, 2008 MT 380, ¶ 24, 347 Mont. 30, 197 P.3d 476 (evidence of victim's violent character).[1]

¶12   While evidence of the victim's character was relevant to Branham's defense that he reasonably believed that he needed to use force to defend himself, that evidence is limited to facts known to Branham at the time. Branham introduced evidence of multiple instances of Kinross-Wright's violent and threatening tendencies which were at least arguably known to him at the time of the fight. This evidence was properly admitted under settled law on the issue of whether Branham's actions were reasonable, but evidence of facts unknown to Branham was not relevant to whether he acted reasonably and was therefore properly excluded. The District Court did not abuse its discretion.

¶13   There is language in some prior cases, such as *State v. Harville*, 2006 MT 292, ¶ 15, 334 Mont. 380, 147 P.3d 222, stating that a defendant must establish that he was not the aggressor as an element of the defense of justifiable use of force. *Harville* relied upon *State v. Russell*, 2001 MT 278, ¶ 24, 307 Mont. 322, 37 P.3d 678 as authority for the proposition that identity of the aggressor is an essential element of justifiable use of force. *Russell*, in turn, relied upon *Sattler*, ¶ 55, as authority for that same proposition. While there is such language in *Sattler*, ¶ 55, that opinion also cites the correct rule that "[n]othing in the statutorily-defined defense [§ 45-3-102, MCA] relates directly to the question of the identity of the aggressor and Sattler cites to no authority under which the

---

[1] Section 45-3-105, MCA, provides limited circumstances under which an aggressor—the person who provokes the use of force by another, may still rely on the defense of justifiable use of force. Branham did not rely on that statute and it is not an issue in this case. *See State v. Sorenson*, 190 Mont. 155, 168, 619 P.2d 1185, 1193 (1980).

identity of the aggressor is an 'essential element' of the justifiable use of force defense." This is a correct statement of the law and a proper application of the affirmative defense of justifiable use of force under § 45-3-102, MCA. Statements, such as those in *Harville*, ¶ 15 and *Russell*, ¶ 24, that the identity of the aggressor is an essential element of the defense, are not correct and are therefore overruled.

¶14 At the same time, nothing said in this opinion should be construed to categorically exclude evidence of the identity of the aggressor in a case involving the affirmative defense of justifiable use of force. Evidence of the identity of the aggressor may still be relevant and admissible if it tends to prove the reasonableness of a defendant's belief at the time of the incident that the use of force is necessary under § 45-3-102, MCA.

¶15 *Issue Two: Whether the prosecutor's comments deprived Branham of a fair trial.*

¶16 Branham first contends that during closing argument the prosecutor made a deliberate misrepresentation concerning testimony about a knife that had been in Kinross-Wright's apartment. At trial, one of Branham's contentions was that Kinross-Wright brought the knife into their fight, and he produced the testimony of several witnesses who said that Kinross-Wright had a knife with him or in his apartment on prior occasions. Branham's attorney examined Kinross-Wright's ex-girlfriend about a particular knife that was in their apartment on a prior occasion when the Kinross-Wright had threatened her and the police arrived. She testified that she remembered the incident, and Branham's attorney offered a photograph of that knife, and the photograph was admitted into evidence. The State presented rebuttal evidence that the knife in the photograph had been in police custody since before Kinross-Wright was stabbed.

7

¶17 During closing argument, Branham's attorney accused the State of ignoring the issue of the whereabouts of the knife used to kill Kinross-Wright. He asked the jury to focus on the knife, on the fact that the knife had never been located, and on the fact that a "big knife" that had been in Kinross-Wright's apartment had "disappeared." In rebuttal, the prosecutor responded with the obvious, which was that Branham admitted that he threw the knife used in the fight in the river. In addition, the prosecutor observed that the defense had "concocted" an issue with the knife shown in the photograph to send the jury "down a rabbit trail." Branham's attorney objected that this was a misstatement of the evidence, and that objection was overruled. The prosecutor continued briefly that the knife in the defense photograph had been "under lock and key" since before Kinross-Wright was killed and so had nothing to do with the crime.

¶18 A prosecutor's comments to the jury may be reversible if the defendant demonstrates that the comments were improper and that the comments prejudiced his right to a fair trial. *State v. Lindberg*, 2008 MT 389, ¶ 25, 347 Mont. 76, 196 P.3d 1252. This Court will not presume prejudice. *State v. Tadewaldt*, 2010 MT 177, ¶ 9, 357 Mont. 208, 237 P.3d 1273. A prosecutor may argue the gravity of the crime, the volume of evidence, the credibility of witnesses, the inference that may be drawn from the evidence, and the legal principles involved in the case. *State v. Green*, 2009 MT 114, ¶ 33, 350 Mont. 141, 205 P.3d 798. While it is generally improper for the prosecutor to offer her personal opinion on the credibility of a witness or of the accused, *Lindberg*, ¶ 34, the prosecutor may point out conflicts and contradictions in the testimony, comment on the evidence and suggest inferences that may be drawn. *Green*, ¶ 33.

¶19 In the present case, Branham's objection at trial and on appeal was that the prosecutor had "misstated" the evidence about the knife in the defense photograph. Branham has not made a convincing argument that anything the prosecutor said about this matter constituted improper argument. Branham raised the issue of the knife seized by the police during questioning of Kinross-Wright's ex-girlfriend, had the photograph of the knife admitted into evidence, and then argued that the State was ignoring the knife "issue."

¶20 A prosecutor is "entitled to some latitude in his argument" about credibility and about the evidence. *Green*, ¶ 34. The prosecutor's arguments were based upon a reasonable interpretation of the potentially confusing evidence and argument presented by the defense. Branham has failed to demonstrate that the prosecutor said anything that was improper and so has failed to demonstrate that he was denied a fair trial.

¶21 Branham next contends that the prosecutor made improper argument by stating her personal assessment of credibility. This arose from blood residue evidence, which showed that Kinross-Wright's blood was found on the seat of Branham's car. The prosecutor argued that the presence of the victim's blood in that location was consistent with the State's theory that Branham first inflicted the fatal stab to the stomach, causing Kinross-Wright to fall across Branham's back and bleed on him. When Branham sat in his car, he transferred Kinross-Wright's blood to the seat. The defense countered that this was a "quibble" about the evidence and that no one knows what really happened. The prosecutor rebutted that two people know what happened, that one of them is dead, and

that "the other one is sitting over there telling you things that aren't true that are contracted by the . . . ."

¶22 The defense objected at that point on the ground that the prosecutor was improperly injecting her personal opinion. The District Court overruled the objection, stating that the jury could "make their own decisions" about the evidence. The District Court subsequently instructed the jury that they were the sole judges of the credibility of the witnesses who testified at trial.

¶23 Branham has failed to carry his burden to demonstrate that the prosecutor engaged in improper argument in this instance. It is clear that the point the prosecutor was making when interrupted by the objection was that Branham's version of events was not true because it was contradicted by the blood evidence. This was not an improper injection of the prosecutor's personal belief as to the credibility of the witness. A prosecutor is entitled to point out inconsistencies in the evidence and to argue which version is the truth. *Green*, ¶ 34. The prosecutor did not engage in improper argument and Branham was not denied a fair trial.

¶24 *Issue Three: Whether the District Court provided sufficient reasons for limiting parole eligibility.*

¶25 The District Court imposed a sentence of 40 years at Montana State Prison with no time suspended, and declared Branham ineligible for parole. The District Court stated at sentencing:

> The reason for the not-eligible-for-parole restriction is based upon the protection of society, your extensive history of drugs and alcohol use and the circumstances of the offense.

10

Similar language was included in the written sentencing order. Branham contends that the District Court failed to comply with the requirement of § 46-18-202(2), MCA, that the reasons for a parole restriction be stated in writing. He also contends that the sentence was based upon misinformation as to his drug and alcohol use.

¶26 We review criminal sentences for legality. *State v. Hill*, 2009 MT 134, ¶ 19, 350 Mont. 296, 207 P.3d 307. A sentence that falls within statutory parameters is not an illegal one. *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892.

¶27 The sentence in Branham's case was within the statutory power of the District Court. A person convicted of mitigated deliberate homicide may be sentenced to the state prison for a term of 40 years, § 45-5-103, MCA, and the district court may limit parole eligibility, § 46-18-202(2), MCA. The District Court clearly gave written reasons for the parole restriction and therefore complied with the statutory requirement. We have upheld sentences with similarly brief stated reasons. *State v. Kratz*, 241 Mont. 501, 505, 788 P.2d 298, 301 (1990).

¶28 Branham also contends that his sentence was based upon misinformation about drug and alcohol use. While a defendant may not be sentenced based upon misinformation, a defendant seeking to overturn a sentence has an affirmative duty to demonstrate that the disputed information was materially inaccurate. *State v. Phillips*, 2007 MT 117, ¶ 17, 337 Mont. 248, 150 P.3d 1078. In the present case there was ample information in the presentence investigation report as to Branham's history of use, beginning with marijuana when he was nine and alcohol at age 13 and continuing

thereafter. There was evidence that he drank the night of the offense. Branham has not demonstrated that the information on drug and alcohol use before the District Court was materially inaccurate.

¶29 The conviction and sentence are affirmed.


/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE