FILED

03/07/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0343

DA 15-0343

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 47N

CHARLES IVAN BRANHAM,

      Petitioner and Appellant,

v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-13-249
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

            Kirsten Pabst, Missoula County Attorney, Susan E. Boylan, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs:  February 1, 2017

Decided:  March 7, 2017

Filed:

                                           Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Charles Ivan Branham (Branham) appeals from the District Court's order denying his petition for post-conviction relief. We affirm.

¶3     On October 22, 2010, Branham was convicted of mitigated deliberate homicide after he stabbed an acquaintance to death. He was sentenced to forty years in the Montana State Prison without the possibility of parole. Branham appealed, and this Court upheld his conviction in *State v. Branham*, 2012 MT 1, 363 Mont. 281, 269 P.3d 891.

¶4     On February 28, 2013, Branham retained private counsel and filed a petition for post-conviction relief in District Court. Branham claimed his trial attorneys provided ineffective assistance of counsel. Specifically, he claims they: opened the door to and failed to object to Detective Guy Baker's blood spatter testimony, failed to move for a curative instruction regarding the prosecutor's remarks on his credibility during closing arguments, failed to challenge the State's forensic pathologist's conclusions or offer testimony to rebut the same, failed to investigate the case and present testimony from the

2

defense investigator, failed to understand Branham's version of the events, and misstated the location of the knife used during the events resulting in Branham's conviction.

¶5 In order to respond to Branham's petition, the State filed a motion requesting a "*Gillham* order" to allow Branham's former attorneys to address the ineffective assistance of counsel claims. The District Court granted the motion. One attorney filed two affidavits. Branham's new attorney filed a motion requesting the District Court issue a "*Gillham* order" with limited scope for the other trial attorney. The District Court granted the order but not the limited scope. The other attorney also filed an affidavit. The State argued that Branham failed to demonstrate that his attorneys were ineffective or that either's performance affected the outcome of his trial.

¶6 The District Court reviewed and denied Branham's six claims without conducting an evidentiary hearing. Branham filed a timely notice of appeal on June 3, 2015.

¶7 We review discretionary rulings in post-conviction relief proceedings, including rulings related to whether to hold an evidentiary hearing, for an abuse of discretion. *Heath v. State*, 2009 MT 7, ¶ 13, 348 Mont. 361, 202 P.3d 118. However, to the extent an evidentiary ruling is based on a conclusion of law our review is plenary. *State v. Bomar*, 2008 MT 91, ¶ 14, 342 Mont. 281, 182 P.3d 47. Ineffective assistance of counsel claims constitute mixed questions of law and fact for which our review is de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

¶8 A district court considering a petition for post-conviction relief may hold an evidentiary hearing, § 46-21-201, MCA, and must enter findings of fact and conclusions of law, § 46-21-202, MCA. In a forty-two-page order the District Court fully analyzed

3

the six ineffective assistance of counsel claims Branham posited. The District Court clearly understood the nature of Branham's claims. The District Court determined it did not need additional argument or testimony in order to rule on Branham's post-conviction relief petition. The District Court did not abuse its discretion when it denied Branham's post-conviction relief petition without an evidentiary hearing.

¶9 This Court evaluates claims of ineffective assistance of counsel under the test established in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Whitlow,* ¶ 10. First, the defendant must show that his attorney's performance was deficient by demonstrating that it fell below an objective standard of reasonableness. *Whitlow*, ¶ 14. There is a strong presumption that the attorney's performance fell within the wide range of reasonable professional assistance, *Whitlow*, ¶ 15, because there are "countless ways to provide reasonable assistance in any given case." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

¶10 Second, the defendant must show that his attorney's deficient performance prejudiced the defense. *Whitlow*, ¶ 10. The petition must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Because a defendant must prove both prongs, an insufficient showing under one prong eliminates the need to address the other. *Sartain v. State*, 2012 MT 164, ¶ 11, 365 Mont. 483, 285 P.3d 407.

¶11 Branhman argues his attorneys were ineffective when they opened the door to, and failed to object to, Detective Baker's blood spatter testimony. Montana jurisprudence allows, and this Court has condoned, the practice of a police officer testifying as a lay

4

witness to the officer's perceptions and conclusions based on extensive experience and training.[1]  *State v. Dewitz,* 2009 MT 202, ¶ 40, 351 Mont. 182, 212 P.3d 1040; *State v. Zlahn,* 2014 MT 224, ¶¶ 33-35, 376 Mont. 245, 332 P.3d 247 (officer testifying about inferences drawn from extensive experience dealing with criminals and administering gunshot residue testing); *State v. Frasure,* 2004 MT 305, ¶ 18, 323 Mont. 479, 100 P.3d 1013 (officer testimony as to whether a criminal defendant possessed drugs with an intent to sell, based on their training and experience as to the methods used in the illicit drug trade); *Hislop v. Cady,* 261 Mont. 243, 249, 862 P.2d 388, 392 (1993) (officer testimony regarding the cause of an accident based on the officer's experience in accident investigation); *see also State v. Henderson,* 2005 MT 333, ¶ 16, 330 Mont. 34, 125 P.3d 1132 (firefighter's testimony about "pour patterns" in analyzing cause of a fire).  Based on the aforementioned cases, the attorneys' choice not to object to the blood spatter testimony was not objectively unreasonable.

¶12  Branham argues his attorneys were ineffective when they failed to move for a curative instruction after the prosecutor remarked on Branham's credibility during closing arguments.  Branham's attorneys objected twice.  The District Court overruled his objections.  On appeal, this Court determined the statements were not improper.  *State v. Branham,* 2012 MT 1, ¶ 23, 363 Mont. 281, 269 P.3d 891.  If no prosecutorial misconduct occurs, failure to lodge an objection, or in this case ask for a curative instruction, does not constitute ineffective assistance of counsel.  *Clausell v. State,* 2005

---

[1] In a recent case decided by this Court, depending on the nature of the evidence, officer testimony may cross over into expert testimony.  *See State v. Kaarma,* 2017 MT 24, 386 Mont. 243, ___ P.3d ___.

MT 33, 326 Mont. 63, 106 P.3d 1175. We agree with the District Court that Branham's attorney was not objectively unreasonable when he failed to request a curative instruction.

¶13 Branham argues his attorneys were ineffective when they failed to rebut the State's forensic pathologist's conclusions regarding the victim's wounds with an expert witness. However, knowing the defense expert, Dr. Bennett, would not rebut the determinative facts, Branham's attorneys did not have him testify. Dr. Bennett provided an affidavit which showed his testimony would not have presented any conclusion contradictory to that of the State's forensic pathologist. We agree with the District Court that counsel's choice was not objectively unreasonable.

¶14 Branham argues his attorneys were ineffective when they failed to present testimony from a defense investigator about a knife in the victim's apartment. During trial the victim's girlfriend testified she did not know about a knife. Branham's attorneys were able to impeach her testimony based on her prior statements to law enforcement. Branham's attorneys were able to elicit a detailed description and location of the knife at trial. We agree with the District Court that the attorneys' decision to not have the defense investigator testify was not objectively unreasonable.

¶15 Branham argues his attorneys were ineffective because they failed to understand Branham's version of the events. Specifically, he argues because his attorneys did not understand the sequence of events of the evening in question, Branham was prejudiced. Branham provided conflicting reports to police, to his attorneys, and in his trial testimony, regarding the sequence of events and when the fatal stab wound occurred.

6

Given the record clearly reflects these inconsistencies, Branham has not proven his attorneys misunderstood his version of the events.

¶16 Finally, Branham argues his attorney was ineffective when she stated Branham found the knife on the floor, as opposed to the ground, indicating the fight took place inside as opposed to outside. Specifically, he argues that misinformation led this Court to uphold his conviction. The District Court determined that the location of the fight was irrelevant to the issues this Court decided on appeal. We agree with the District Court that counsel's statement did not fall outside the range of reasonable professional assistance.

¶17 Branham has not satisfied the standards for establishing ineffective assistance of counsel. He has failed to meet the high threshold required to prove counsel's performance was deficient. *State v. Hagan*, 2002 MT 190, ¶ 23, 311 Mont. 117, 53 P.3d 885. Because we have determined the attorneys' performances were not deficient, it is not necessary to address Branham's claims of prejudice.

¶18 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶19 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE