No. 12845

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

DONALD E. RYAN,

Defendant and Appellant.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellant:

Michael Whalen argued, Billings, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas A. Budewitz argued, Assistant Attorney General,
Helena, Montana
Harold F. Hanser, County Attorney, Billings, Montana

---

Submitted: March 7, 1975

Decided: APR - 9 1975

Filed: APR - 9 1975

*Thomas J. Kearney*
_____ Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

On July 27, 1973, Donald E. Ryan pleaded guilty to three counts of grand larceny in the district court, Yellowstone County. The court deferred imposition of sentence for one year, placing defendant on probation under the supervision of the State Board of Pardons. One of the terms of the probation, accepted by defendant as a condition of the sentence deferral, was a requirement that:

> "3. The defendant shall conduct himself in a law abiding manner and shall not violate any law of the United States or of the State of Montana or the ordinance of any city or town during said term * * *."

On July 8, 1974, petition was filed for revocation of the deferral order; the grounds for revocation were that defendant allegedly stole a typewriter from a bus terminal in Billings. On the same day, an Information was filed which charged defendant with theft (a felony), alleging the same act contained in the petition for revocation. Following arraignment and defendant's plea of not guilty, trial was set for September 16, 1974.

A hearing on the petition for revocation was set for July 12, 1974. On that date, defendant moved for a continuance until after the trial on the criminal charge or, in the alternative, for dismissal of the criminal charge with prejudice. The grounds for the motion were stated as:

> "* * * That the identical facts with which he is charged in the Petition for Revocation are alleged in the Information charging him with the crime for which he is yet to stand trial and his guilt or innocence has not yet been determined and to require him to go to hearing at this time upon the Petition for Revocation would effectively deprive him of his constitutional rights to remain silent as to the facts in the felony case pending against him in Cause No. 9335, and in effect would amount to subjecting him to double jeopardy if he were required to testify as to the facts at this time and then subsequently appear in a trial before a jury in Cause No. 9335. In addition to that it would put the Court in a position whereby he could be convicted on the present factual situation without the benefit of a jury trial, and at a time when a criminal charge has in fact been filed upon the same set of facts."

The motion was denied and the hearing proceeded with the state's presentation of witnesses to the alleged crime. These witnesses were cross-examined by defense counsel, but defendant did not take the stand in his own defense nor present any evidence.

Defendant was found in violation of the conditions of his probation and was subsequently sentenced to terms of ten years on each of the three prior counts. The sentences were to be served concurrently. Following revocation and sentencing, the new criminal charge was dismissed on the county attorney's motion.

Defendant's appeal from the judgment raises a single issue: Should the revocation hearing have been continued until after trial of the criminal charge or, in the alternative, should the criminal charge have been dismissed with prejudice?

Defendant contends he was denied due process by being forced to elect between either exercising his right to remain silent (risking possible revocation of his deferred sentence) or waiving that right (risking possible self-incrimination on the criminal charge, yet to be tried). He argues the state's only motive for compelling this election by holding the revocation hearing first, was to coerce him into taking the stand. If he had done so, he would have been available for cross-examination which could be used by the state as a discovery technique.

Although this argument is raised for the first time before this Court, other jurisdictions have been presented with similar issues. For recent examples see: People v. Carr, (Colo.1974), 524 P.2d 301; Gonsalves v. Howard, (R.I.1974), 324 A.2d 338; People v. Cruz, 14 Ill.App.3d 513, 302 N.E.2d 702. The most complete discussion on these issues can be found in these three related opinions: Flint v. Howard, 110 R.I.223, 291 A.2d 625, cert.den. 409 U.S. 1078, 93 S.Ct. 694, 34 L ed 2d 667; Flint v. Mullen, 372 F.Supp. 213 (D.R.I. 1974), reversed in Flint v. Mullen, 499 F.2d 100 (1st Cir. 1974). These cases hold that due process is not violated by holding

a revocation hearing prior to trial of a criminal charged based on the same facts alleged as grounds for the revocation.

In McGautha v. California, 402 U.S. 183, 91 S.Ct. 1454, 28 L ed 2d 711, 729, the United States Supreme Court decided a question similar to the constitutional challenge raised in the instant case. There defendant was tried before a jury which decided both the question of guilt or innocence, as well as the question of sentence, if guilty. Defendant alleged violation of due process arising from the necessity of choosing whether to remain silent (risking a harsher sentence) or waiving that right (risking possible self-incrimination). Recognizing defendant's predicament, the Court said:

> "The criminal process, like the rest of the legal system, is replete with situations requiring 'the making of difficult judgments' as to which course to follow. McMann v. Richardson, 397 U.S., at 769, 25 L Ed 2d at 772. Although a defendant may have a right, even of constitutional dimensions, to follow whichever course he chooses, the Constitution does not by that token always forbid requiring him to choose."

Under the facts of McGautha no constitutional violation was found.

Here, as in McGautha, defendant was presented with a strategic choice--silence, which he claims contributed to the revocation of his deferred sentence, or speaking out at the risk of possible self-incrimination on the substantive criminal charge. The choice of whether or not to waive his right to remain silent was one which defendant necessarily would have to make, sooner or later. His position at the revocation hearing and at the trial would be substantially similar, maintaining his innocence of the alleged theft of the typewriter. The constitutional validity of requiring earlier disclosure of certain defenses was upheld by the United States Supreme Court in Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L ed 2d 446. It has also been upheld by this Court. State ex rel. Sikora v. District Court, 154 Mont. 241, 462 P.2d 897. We hold that the earlier choice as to exercise of the right to remain silent, under the facts of this case, is not repugnant to either United States or Montana constitutional provisions.

The thrust of the authorities cited is plain. A defendant, in the course of defense, must necessarily make a number of hard decisions many of which bear on the exercise or waiver of constitutional rights. Often, as here, the choice is a difficult one. However, it does not follow that such choices cannot be constitutionally required.

In finding no violation of due process requirements we have not discussed the jury trial and double jeopardy issues raised by defendant in his motion for continuance in the district court. On appeal defendant cited no authority in support of these challenges, and treatment of these issues in the briefs and oral argument was cursory. We note that a revocation hearing is just that--- a hearing, not a trial. Its function is to determine whether or not the terms of probation have been violated. Trial by jury on the criminal charge is still assured. We find no merit in defendant's constitutional challenges.

The judgment of the district court is affirmed.

------------------------------------------
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -