No. 98-639

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 246

296 Mont. 190

989 P.2d 300

CITY OF RED LODGE,

Plaintiff and Respondent,

v.

WILLIAM P. NELSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Carbon,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Raymond G. Kuntz, Attorney at Law, Red Lodge, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Pamela Collins,

Assistant Attorney General, Helena, Montana

Gary R. Thomas, Red Lodge City Attorney, Red Lodge, Montana

Submitted on Briefs: July 8, 1999

Decided: October 14, 1999

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶ **Defendant William P. Nelson (Nelson) appeals from the judgment and order of the Thirteenth Judicial District Court, Carbon County.**

¶ **We affirm.**

¶ **We restate the issue as follows:**

¶ **Whether the District Court abused its discretion in granting the City of Red Lodge's motion *in limine*.**

Standard of Review

¶ **We review a district court's grant or denial of a motion *in limine* for whether the district court abused its discretion. Bramble v. State of Montana, 1999 MT 132, ¶ 16, ___ P.2d ___, ¶ 16, 56 St.Rep. 532, ¶ 16.**

Factual and Procedural Background

¶ **Early in the morning of August 29, 1997 Nelson had a disagreement with his partner, Donna Nelson, and struck her several times in the face, breaking her jaw. Nelson was charged with partner assault, a misdemeanor, under § 45-5-206, MCA, and convicted of partner assault in the City Court of Red Lodge in April, 1998. In May, 1998 Nelson appealed his conviction to district court and requested a *de novo* trial by jury.**

¶ **At an omnibus hearing in July, 1998 Nelson gave notice of his intent to rely on the defense of self defense. In his trial brief, Nelson declared his intent to introduce evidence at trial of Donna Nelson's "prior convictions for assault for the purpose of showing her intent to assault him." In September, 1998 the City of Red Lodge (hereafter, Red Lodge) filed a motion *in limine* to prohibit Nelson from introducing into evidence any criminal convictions of Donna Nelson. Nelson filed a response to Red Lodge's motion *in limine*, arguing that Donna Nelson's prior convictions were admissible to show her intent to assault him and to show that he used reasonable force against her. The District Court granted Red Lodge's motion *in limine*. Following a trial by jury, Nelson was convicted of partner assault and sentenced to one year in jail, to be served concurrent with the sentence he was serving at Montana State Prison, and with credit for time already served. From that judgment and order Nelson appeals.**

Discussion

¶ **Nelson argues that the prior convictions of Donna Nelson were admissible under**

**Rules 404(a)(2) and 405(b), M.R.Evid., and that the District Court abused its discretion in granting Red Lodge's motion *in limine*. Nelson argues further that he relied on the defense of justifiable force at trial, that he made timely assertions that he knew of Donna Nelson's prior convictions when he struck her, and that evidence of those convictions was necessary for him to establish that his use of force was reasonable in light of Donna Nelson's character for violence. Nelson also contends that the District Court's grant of Red Lodge's motion *in limine* prejudiced his substantive rights and was reversible error.**

**¶ Red Lodge responds that Nelson did not rely on the defense of justifiable force but rather claimed that his contacts with Donna Nelson were accidental. Further, Red Lodge contends that Nelson never asserted that he knew of Donna Nelson's prior convictions when he struck her. Thus, the evidence of Donna Nelson's prior convictions was not relevant to the defense of accident on which Nelson relied.**

**¶ We begin by examining Montana's justifiable use of force statute and Rules 404 and 405, M.R.Evid. Montana's justifiable use of force statute provides in pertinent part:**

> **Use of force in defense of person**. A person is justified in the use of force or threat to use force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force.

Section 45-3-102, MCA.

**¶ Rule 404 provides in part:**

> (a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

. . . .

> (2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused . . . .

Rule 404(a)(2), M.R.Evid. We have previously concluded that "[w]here character

evidence is admissible pursuant to Rule 404, M.R.Evid., character or a character trait can be proven through reputation evidence or specific instances of conduct evidence as expressly authorized in Rule 405, M.R.Evid." State v. Sattler, 1998 MT 57, ¶ 44, 288 Mont. 79, ¶ 44, 956 P.2d 54, ¶ 44.

¶ **Rule 405(b) has two alternative prongs for the admission of specific instances of conduct and provides in pertinent part:**

> Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, *or* where the character of the victim relates to the reasonableness of force used by the accused in self defense, proof may also be made of specific instances of that person's conduct.

Rule 405(b), M.R.Evid. (emphasis added). Nelson relies on the second prong of Rule 405 (b), which recognizes specific instances of conduct "where the character of the victim relates to the reasonableness of the force used by the accused." Rule 405(b), M.R.Evid.

¶ **The parties disagree over the threshold question whether Nelson relied at trial on the defense of justifiable force. Nelson argues that the notice he gave at the omnibus hearing of his intent to rely on the defense of self defense (hereafter, notice of intent), his trial brief in which he stated he would introduce evidence of Donna Nelson's prior assault convictions, and his response to Red Lodge's motion *in limine* amply establish that he relied on the defense of self defense. However, Nelson's mention of the defense of self defense in his notice of intent, trial brief, and response to Red Lodge's motion *in limine* did not place the matter of self defense at issue in his trial. *Compare* State v. Logan (1970), 156 Mont. 48, 65, 473 P.2d 833, 842 (concluding "[t]he notice of intention to rely on self-defense served by defendant on the state prior to trial is immaterial and does not place this matter in issue at trial. Defendant is not bound to rely on this defense at the trial notwithstanding service of this notice").**

¶ **Nelson argues further that he relied on the defense of self defense at trial. However, the portions of the trial transcript to which Nelson has directed this Court do not support his contention but show rather that he relied on the defense that he accidentally struck Donna Nelson. Nelson testified that on the night he struck Donna Nelson, he and Donna Nelson had been to a bar, in violation of his probation, and that he had spoken with another woman. He and Donna Nelson quarreled over his**

conversation with that woman. Nelson testified further that when he and Donna Nelson returned home, Donna Nelson threw a vase that struck his throat and shattered when it hit the floor. Nelson testified that he hit the ground after the vase struck him but that he "was pretty mellow." He asked Donna Nelson to leave and he walked into a TV room. Nelson turned on a large TV that had a VCR attachment and sat down in a chair as Donna Nelson came behind him. Nelson further testified:

> And I been through some of her rages before, and she takes and she goes to grabbing that TV and turning towards me, and I'm perceiving the incident that just happened with the vase, that I'm about to get hurt here, and I took and I jumped up and--meaning to hit the TV with this part of my arm (indicating), I took and threw out my arm and very assertively, and hit the TV. And this part of my hand here hit Donna on the jaw.

## ¶ On cross-examination, Red Lodge asked Nelson:

Q. So to keep her from picking up the TV and the [VCR] attachment and hitting you over the head with it, you did something with your arm, correct?

A. Right.

Q. And as I understand your testimony, you went to hit at the TV?

A. I did hit the TV.

Q. Correct; with part of your arm?

A. The side of my arm.

Q. And the --

A. (Indicating.)

Q. --then the rest of your hand accidentally hit her jaw with enough force to break it?

A. The rest of my hand hit her jaw, yes. It wasn't intentional.

**¶ Thus, Nelson testified repeatedly that he intended to hit the TV but accidentally struck Donna Nelson's jaw. Nelson relied on the defense of accident, and he makes no claim that Donna Nelson's prior convictions were necessary for him to establish that defense. Accordingly, for purposes of his defense of accident, Nelson's reliance on *Sattler* for the admission of Donna Nelson's prior convictions is misplaced. In *Sattler*, defendant Sattler, an inmate, testified that he did not intend to kill another inmate but that he struck him in self-defense; however, Sattler did not contend that he *accidentally* hit the victim. *See Sattler*, ¶ 24.**

**¶ We note, however, that our review of the record discloses that at the conclusion of Nelson's direct examination, the following exchange occurred:**

Q. That's fine. That's fine. That's all. The night of August 29, 1997, did you have in your own mind a belief that you were in danger?

A. You bet I did.

Q. Were you the initial aggressor?

A. No, I was not.

Q. Do you believe that the force you used was force necessary to defend yourself?

A. Yes, I do.

**¶ Arguably, in testifying that he used the force that he thought necessary to defend himself, Nelson meant that he intended to strike Donna Nelson and that his contact with her was deliberate. Thus, there is a tenuous basis in the record from which to conclude that Nelson relied on the defense of self defense. However, the foregoing**

testimony is also consistent with Nelson's previously asserted defense of accident and the implicit claim that although he used the force he thought necessary, he did not intend to strike Donna Nelson. As previously discussed, moreover, during his cross-examination Nelson emphatically reaffirmed his contention that he accidentally struck Donna Nelson. We conclude that the record offers scant support for Nelson's contention that he relied on the defense of self defense.

¶ However, even assuming *arguendo* that Nelson relied on the defense of self defense, the record clearly establishes that evidence of Donna Nelson's prior convictions for assault lacked relevance because Nelson never asserted that he knew of those convictions when he struck her. Contrary to Nelson's contention, he did not assert in either his trial brief or his response to Red Lodge's motion *in limine* that he knew of Donna Nelson's prior convictions for assault when he struck her. Thus, Donna Nelson's prior convictions for assault lacked relevance under the second prong of Rule 405(b), which again recognizes specific instances of conduct "where the character of the victim relates to the reasonableness of force used." Rule 405(b), M.R. Evid. We note that Donna Nelson's prior convictions also lacked

relevance under the first prong of Rule 405(b), because a victim's character for violence is not an "essential element" of the defense of justifiable force. *Compare* Rule 405(b), M.R.Evid. (providing "[i]n cases in which character or a trait of character of a person is *an essential element of a charge*, claim, or defense, . . . proof may also be made of specific instances of that person's conduct") (emphasis added). Nor do we find persuasive Nelson's claim that he was unable to establish his knowledge of her prior convictions at trial because of Red Lodge's motion *in limine*. Nothing prevented Nelson from alleging that he had timely relevant knowledge of Donna Nelson's prior convictions in his trial brief or his response to Red Lodge's motion *in limine*. We hold that the District Court did not abuse its discretion in granting Red Lodge's motion *in limine*. Because this holding is dispositive, we do not address Nelson's argument that the District Court's abuse of discretion was reversible error.

¶ Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

/S/ KARLA M. GRAY

Justice Terry N. Trieweiler specially concurring.

¶ **I concur with the result of the majority opinion. However, I conclude that any discussion past paragraph 16 is unnecessary and therefore, specially concur in only that part of the opinion which includes paragraphs 1 through 16.**

¶ **The Defendant, William P. Nelson, clearly testified that he struck Donna Nelson by accident. His contention that he did not intend to strike her is inconsistent with a defense that he struck her in self-defense. Therefore, in spite of what he did or didn't know about her prior conduct at the time of the event which formed the basis for the charges against him, Donna Nelson's prior conduct was irrelevant. For this reason alone, I would affirm the judgment of the District Court.**

/S/ TERRY N. TRIEWEILER