# STATE OF MONTANA,
## Petitioner,
### v.
# MONTANA NINTH JUDICIAL DISTRICT COURT, TETON COUNTY, THE HONORABLE ROBERT OLSON,
## District Judge,
## Respondent.

No. OP 14-0096.
Decided July 15, 2014.
2014 MT 188.
375 Mont. 488.
329 P.3d 603.

## OPINION AND ORDER

¶1 This matter comes before the Court on the State's petition for writ of supervisory control over the Ninth Judicial District Court in Teton County Cause No. DC 12-009, *State v. Martin Vincent Lau*. This Court adopted a briefing schedule and conducted oral argument on April 28, 2014. The matter has now been submitted for decision.

¶2 Lau is charged with deliberate homicide in the fatal shooting of Donald Kline. Lau claims the shooting was an act of self-defense. Trial has been continued to allow resolution of the issues raised in the State's petition, which we now restate as whether the Montana Rules of Evidence permit Lau to offer his own out-of-court statement in support of his claim of justifiable use of force.

¶3 The shooting occurred on August 18, 2012, at the home of Susan Pfeifer. The State intends to introduce at trial a 911 call in which Lau states he gave Pfeifer a ride home and was confronted by "this guy who has been abusing her," referring to Kline. In that call, Lau also says, "[H]e's threatening her and me and I'm armed and I'm ready to kill him if he attacks me." Approximately seven minutes after making the first call, Lau called 911 again to report shooting Kline.

¶4 On December 17, 2012, four months after the shooting, Lau agreed to be interviewed by Teton County Attorney Joe Coble and Agent Bruce McDermott, a criminal investigator from the state Department of Justice. Accompanied by his attorney, Lau read from a written narrative he had prepared during the weeks after the shooting. He also responded to questioning by McDermott and Coble. During the interview, Lau said Pfeifer told him about violent acts allegedly committed by Kline. The interview was transcribed. It was not a formal deposition and Lau was not under oath. The interview will hereafter be referred to as the statement.

¶5 The State moved in limine to prohibit Lau from introducing evidence of specific instances of violence by Kline without first offering proof that he knew of those instances and relied on that knowledge at the time of the shooting. In response, Lau explained that he intended to place his statement in evidence during his cross-examination of McDermott in order to show what he knew and relied upon at the time of the shooting. Lau said his knowledge was based on what he had been told by Pfeifer, as described in his statement. The State then moved in limine to prohibit Lau from introducing the statement on hearsay grounds. Lau argued that exclusion of his statement would limit his ability to put forth a defense, and claimed the State was

attempting to force him to testify.

¶6  The District Court ruled that Lau could make an "offer of proof" prior to trial and raise the issue of justifiable use of force in his opening statement. The District Court said Lau would be permitted to cross-examine McDermott and Pfeifer about specific acts of violence by Kline and Lau's knowledge of those acts, as contained in his statement. The District Court said Lau would not be required to testify in order to establish his knowledge of specific instances of conduct by Kline.

¶7  Supervisory control is an extraordinary remedy that may be justified when the normal appeal process is inadequate, purely legal questions are involved, and the other court is proceeding under a mistake of law, causing a gross injustice. M. R. App. P. 14(3); *Stokes v. Thirteenth Jud. Dist. Ct.*, 2011 MT 182, ¶ 5, 361 Mont. 279, 259 P.3d 754. The State may appeal a criminal case only in narrow circumstances, none of which are applicable here. Section 46-20-103, MCA. Thus, the normal appeal process is not available to the State to address this matter. *State v. Dist. Ct. of the Eighteenth Jud. Dist.*, 2010 MT 263, ¶ 30, 358 Mont. 325, 246 P.3d 415. Evidentiary rulings based on the interpretation of statutes or rules present purely legal issues. *Eighteenth Jud. Dist. Ct.*, ¶ 31. We have therefore determined to exercise our power of supervisory control. For reasons described below, we conclude the District Court is proceeding under a mistake of law, causing a gross injustice.

¶8  ■ This matter comes to us before trial, and we cannot say with certainty what evidence will be introduced, by whom, or for what purpose. Whatever evidence Lau seeks to introduce at trial, however, must be admissible and relevant under the Rules of Evidence. Proof of specific instances of the victim's conduct may be offered "where the character of the victim relates to the reasonableness of force used by the accused in self defense ... ." M. R. Evid. 405(b). Specific instances of the victim's conduct are relevant and admissible only where justifiable use of force has been placed at issue in the case. *State v. Logan*, 156 Mont. 48, 65, 473 P.2d 833, 842 (1970). Where justifiable use of force has been placed at issue, "[e]vidence of the character of a victim of an assault is limited to what the defendant knew at the time [he] used force, and the defendant must show that this knowledge led to the use of force." *State v. Henson*, 2010 MT 136, ¶ 27, 356 Mont. 458, 235 P.3d 1274 (citing *Deschon v. State*, 2008 MT 380, ¶ 24, 347 Mont. 30, 197 P.3d 476; *City of Red Lodge v. Nelson*, 1999 MT 246, ¶ 19, 296 Mont. 190, 989 P.2d 300); *see also State v. Montgomery*, 2005 MT 120, ¶ 19, 327 Mont. 138, 112 P.3d 1014. The State acknowledges that justifiable use of force will be raised as an issue through its

introduction of the 911 calls. Provided Lau can do so through the introduction of admissible evidence, he may be able to argue before the jury that his knowledge of specific instances of conduct by Kline led him to use deadly force.

¶9 Lau says he intends to offer his statement to prove that at the time of the shooting, he knew of specific instances of violence by Kline. In the statement, Lau says Pfeifer told him about these instances. Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. M. R. Evid. 801(c); *State v. Losson*, 262 Mont. 342, 348, 865 P.2d 255, 258-59 (1993). The Rules of Evidence prohibit the admission of hearsay, unless an exception applies. M. R. Evid. 802; *State v. Hardman*, 2012 MT 70, ¶ 31, 364 Mont. 361, 276 P.3d 839. As Lau proposes to use his statement, it would be offered to prove the truth of the matter asserted: namely, that Pfeifer told him about alleged violent acts by Kline. The statement, offered for this purpose, is hearsay. M. R. Evid. 801(c); *Murray v. Talmage*, 2006 MT 340, ¶ 16, 335 Mont. 155, 151 P.3d 49 (hearsay excluded where there was "no point" for offering statement "except to establish the truth of what he asserted."). Lau has offered no recognized hearsay exception that would allow for admission of the statement. While Pfeifer's statements to Lau could potentially be offered to show their resulting effect on Lau's state of mind, Lau's statement to McDermott and Coble, given four months after the event, has no similar non-hearsay purpose. *Vincelette v. Metro. Life Ins. Co.*, 1998 MT 259, ¶¶ 19-21, 291 Mont. 261, 968 P.2d 275. The State may offer Lau's statement as the admission of a party-opponent, but it may not be offered as proposed by Lau. M. R. Evid. 801(d)(2); *Riggs v. State*, 2011 MT 239, ¶ 58, 362 Mont. 140, 264 P.3d 693.

¶10 Lau and amicus Montana Association of Criminal Defense Lawyers claim changes to the law of justifiable use of force enacted in 2009 have rendered the Rules of Evidence outdated and inapplicable to the present case. We disagree. The statutes cited by Lau, §§ 46-16-131 and 45-3-112, MCA, do not include any language altering or amending the Rules of Evidence. We have already determined that, even after the 2009 legislation, "the Montana Rules of Evidence still apply and 'govern all proceedings in all courts in the state of Montana ... .'" *State v. Daniels*, 2011 MT 278, ¶ 23, 362 Mont. 426, 265 P.3d 623 (quoting M. R. Evid. 101(a)).

¶11 Specifically, Lau argues that § 45-3-112, MCA, which provides that an investigation of an incident involving justifiable use of force "must be conducted so as to disclose all evidence," requires that evidence—in this case, Lau's statement—be disclosed to the jury. We

have held that § 45-3-112, MCA, is consistent with existing obligations of prosecutors and law enforcement to disclose evidence to the defense. *State v. Mitchell*, 2012 MT 227, ¶ 16, 366 Mont. 379, 286 P.3d 1196; *State v. Cooksey*, 2012 MT 226, ¶ 37, 366 Mont. 346, 286 P.3d 1174. The statute does not mandate disclosure of investigative materials to the jury.

¶12 ■ Lau also argues that requiring him to produce admissible evidence establishing his knowledge of specific acts of violence by Kline violates § 46-16-131, MCA. Under that statute, "when the defendant has offered evidence of justifiable use of force, the state has the burden of proving beyond a reasonable doubt that the defendant's actions were not justified." Section 46-16-131, MCA. Nothing in the language of the statute entitles the defendant to introduce hearsay evidence of specific instances of conduct by the victim. The admissibility of evidence is a separate issue from determining which party bears the burden of proof. *Daniels*, ¶ 33. To the extent Lau chooses to present evidence in his defense, requiring him to do so in accordance with the Rules of Evidence does not shift the burden of proof in violation of § 46-16-131, MCA. *Daniels*, ¶ 33.

¶13 Lau and amicus claim that requiring Lau to comply with the Rules of Evidence will effectively compel him to choose between his right to present a full defense and his right to remain silent. They point to no authority for the proposition that a defendant is entitled to circumvent well-established rules regarding the admissibility of hearsay and character evidence. Furthermore, "[a] defendant, in the course of defense, must necessarily make a number of hard decisions many of which bear on the exercise or waiver of constitutional rights. Often, as here, the choice is a difficult one. However, it does not follow that such choices cannot be constitutionally required." *State v. Ryan*, 166 Mont. 419, 423, 533 P.2d 1076, 1079 (1975).

¶14 Therefore,

¶15 IT IS ORDERED that the State's petition for writ of supervisory control is GRANTED. The District Court's order of January 21, 2014 is VACATED.

¶16 The Clerk of Court is directed to provide copies of this Opinion and Order to counsel for the State, counsel for the defendant in Teton County Cause No. DC 12-009, counsel for the *Amicus Curiae* Montana Association of Criminal Defense Attorneys, and the Honorable Robert Olson, presiding District Judge.

Dated this 15th day of July, 2014.

/S/ MIKE McGRATH

We Concur:

/S/ JUSTICE WHEAT
/S/ JUSTICE COTTER
/S/ JUSTICE BAKER
/S/ JUSTICE RICE
/S/ DISTRICT COURT JUDGE BROWN, sitting for Justice Laurie McKinnon
/S/ DISTRICT COURT JUDGE GILBERT, sitting for the vacant position

DISTRICT COURT JUDGE BROWN Concurs.

¶17 I agree that the writ of supervisory control should be granted and that any evidence Lau seeks to introduce to the jury at trial must be admissible and relevant under the Montana Rules of Evidence. With regard to whether Lau may offer proof of specific instances of the victim's prior conduct, I also agree with the statement in the majority Opinion and Order at ¶ 8 that

> [p]roof of specific instances of the victim's conduct may be offered "where the character of the victim relates to the reasonableness of force used by the accused in self defense ... ." M. R. Evid. 405(b). Specific instances of the victim's conduct are relevant and admissible only where justifiable use of force has been placed at issue in the case. *State v. Logan*, 156 Mont. 48, 65, 473 P.2d 833, 842 (1970).

¶18 I further agree that the Montana Supreme Court consistently has required that a defendant seeking to introduce evidence of specific instances of a victim's prior conduct must establish that the defendant was aware of those specific instances of conduct at the time of his or her altercation with the victim. *See e.g. State v. Branham*, 2012 MT 1, ¶ 12, 363 Mont. 281, 269 P.3d 891; *State v. Mongomery*, 2005 MT 120, ¶ 19, 327 Mont. 138, 112 P.3d 1014; *City of Red Lodge v. Nelson*, 1999 MT 246, ¶ 19, 296 Mont. 190, 989 P.2d 300.

¶19 This Court holds that Lau must offer "admissible evidence" in order to discuss his knowledge of Kline's specific acts. Opinion and Order, ¶ 8. In this regard, it is important to recognize that, under M. R. Evid. 104(a), preliminary questions concerning admissibility of evidence are to be determined by the trial court. In making this determination, the court is not bound by the Rules of Evidence except for those relating to privileges. M. R. Evid. 104(a) and 101(c)(1). In this case, the District Court already has held one hearing, after which it issued its Order finding that "Kline's character (i.e. reputation or opinion) for violence towards Pfeifer is relevant and admissible, so long as a proper foundation can be laid for its admission." The District Court also stated that a proper foundation must be laid prior to

admitting evidence of Kline's specific instances of conduct. The determination of whether Lau has laid sufficient foundation for admission of such evidence is an evidentiary question to be decided by the trial court. This determination may be made by the trial court following an evidentiary hearing held outside the presence of the jury in accordance with M. R. Evid. 103, 104(a) and 104(d).

¶20 Lau's reliance on Kline's prior conduct is not, as the State asserts the District Court correctly ruled, a "third prong of the test for foundation" before the victim's prior specific instances of conduct may be introduced. Under M. R. Evid. 405(b), if Lau demonstrates to the trial court that the character of the victim relates to the force used and he knew of Kline's prior instances of violence at the time he used deadly force against him, then the necessary foundation has been laid. *See Branham*, ¶¶ 10-11; *Henson*, ¶ 27. Notwithstanding the District Court's reliance on *Montgomery* to require a third foundational element, the language of M. R. Evid. 405(b) does not include that requirement. Once a defendant establishes that he had knowledge of the victim's specific prior acts of violence, it should be up to the jury to decide—after consideration of all the evidence—whether Lau's use of force was justifiable.

¶21 If the District Court determines that Lau has met the foundational requirement of M. R. Evid. 405(b), then Lau may present evidence of the specific instances of the victim's prior conduct to the jury at trial. The evidence presented to the jury must be admissible pursuant to the Montana Rules of Evidence. The question for the jury, then, is whether Lau's use of force in defense of person was justifiable as provided in § 45-3-102, MCA, as set forth in the appropriate jury instructions. In making that determination, the jury is allowed to consider any admissible evidence regarding Lau's knowledge of the victim's prior specific instances of conduct.

¶22 In conclusion, the District Court should proceed, as it intended, with the evidentiary hearing outside the presence of the jury to determine whether specific instances of the victim's prior conduct may be presented at trial under M. R. Evid. 405(b). The District Court is not bound by the Rules of Evidence in making that determination. *See* M. R. Evid. 101 and 104. If the District Court finds in favor of Lau on that issue, Lau is bound by the Rules of Evidence when presenting proof of the specific instances of conduct, and his knowledge thereof, to the jury at trial.

DISTRICT COURT JUDGE GILBERT joins the concurrence of DISTRICT COURT JUDGE BROWN.