FILED

February 17 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0400

DA 14-0400

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 48

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BRIAN LEE OSBORN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-282
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Brian Len Osborn (Self-Represented), Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Kirsten H. Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  January 14, 2015
Decided:  February 17, 2015

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Brian Osborn appeals from an order of the Fourth Judicial District, Missoula County, denying his motion for relief from a final judgment.

¶2     We rephrase the issue as: Whether the District Court properly denied Brian Osborn's motion brought under M. R. Civ. P. 60(b). We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     On December 26, 2007, Missoula County District Court Judge Harkin sentenced Osborn to ten years, with five years suspended, on a charge of felony theft and six months, all suspended on misdemeanor charges of obstructing a peace officer and resisting arrest (DC 07-282). The three sentences were to run concurrent to each other. At that time, Osborn was already serving a suspended sentence on a prior conviction (DC 01-423) and Judge Harkin ordered the 2007 sentence to run concurrent to any sentence imposed for revocations in the prior case. In January 2008, Osborn sought review by the Sentence Review Division, which affirmed the sentence, but modified two conditions.

¶4     On July 11, 2012, Osborn began serving the suspended portion of the Missoula case, DC 07-282. In August 2012, Osborn was arrested in Cascade County and charged with criminal possession of dangerous drugs (DC 12-395). The Missoula County Attorney's Office filed a petition to revoke Osborn's suspended sentence in case DC 07-282. Osborn was sentenced in Cascade County to two years, all suspended, to run

2

concurrent to any other sentence he may receive for probation violations. In April 2013, Osborn and the Missoula County Attorney reached an agreement, whereby Osborn admitted to the probation violations and was permitted to return to probation on the condition that the State would pursue a new disposition in six months if Osborn failed to comply with the terms of his suspended sentence. Less than a month later, the Missoula County Attorney filed a Supplemental Petition to Revoke on the basis that Osborn had absconded from supervision. Missoula County District Court Judge Townsend issued a bench warrant on May 22, 2013.

¶5 On May 29, 2013, Cascade County officers arrested Osborn for criminal trespass and theft. The next day, Osborn made an initial appearance and bail was set at $10,000 for the Cascade County charges and $25,000 for the Missoula County case. Osborn pled guilty to the trespass and theft charges and was sentenced on August 5, 2013. Soon afterwards, Cascade County officials filed a motion to revoke the suspended sentence for case DC 12-395 (Cascade County, possession of dangerous drugs) and on August 19, 2013, Osborn was sentenced to the Department of Corrections for the balance of his suspended sentence, to run concurrent to any sentence rendered in DC 07-282 (Missoula County, felony theft).

¶6 The Missoula County Attorney then filed a second Supplemental Petition to Revoke. On December 31, 2013, Osborn admitted to the violation and Missoula District Court Judge Townsend revoked the suspended sentence and committed Osborn to the Department of Corrections for five years, with two years suspended. Townsend ordered

the sentence to run consecutive to the sentence Osborn was currently serving from Cascade County. Additionally, Osborn was given 241 days credit for jail time served.

¶7 In February 2014, Osborn filed for review with the Sentence Review Division (SRD), which subsequently concluded that the sentence was not clearly excessive. In April 2014, prior to the SRD decision, Osborn filed in Missoula District Court a motion for relief from a judgment pursuant to M. R. Civ. P. 60(b). In his motion, Osborn requested additional credit for jail time served and reversal of the Missoula Court's decision to run the sentence consecutive to the Cascade County sentence. The State opposed the motion, arguing that the Rules of Civil Procedure do not apply to a criminal case and thus proceeding on a motion pursuant to M. R. Civ. P. 60(b) was not the appropriate procedure. On June 18, 2014, Judge Townsend denied Osborn's motion.

## STANDARD OF REVIEW

¶8 This Court reviews a district court's revocation of a suspended sentence for abuse of discretion. *State v. Adams*, 2013 MT 189, ¶ 11, 371 Mont. 28, 305 P.3d 808 (citations omitted). "We review a criminal sentence for legality to determine whether the sentence is within statutory parameters. Such a determination of legality is a question of law, which is reviewed de novo." *Adams*, ¶ 11 (citations omitted).

¶9 "Our standard of review of a district court's ruling on a motion pursuant to M. R. Civ. P. 60(b) depends on the nature of the final judgment, order, or proceeding from which relief is sought and the specific basis of the Rule 60(b) motion." *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 16, 338 Mont. 423, 166 P.3d 451. Generally, we

review rulings on M. R. Civ. P. 60(b) motions for abuse of discretion. *Essex Ins. Co.*, ¶ 16. "Our standard of review of the interpretation and application of a statute to a particular circumstance is whether the district court was correct as a matter of law." *Funke v. Estate of Shultz*, 2009 MT 411, ¶ 6, 353 Mont. 492, 223 P.3d 839 (citations omitted).

## DISCUSSION

¶10 Issue: Whether the District Court properly denied Brian Osborn's motion brought under M. R. Civ. P. 60(b).

¶11 Criminal sentences may be reviewed according to the procedures laid out in Title 46 of the Montana Code Annotated. Osborn asserts that revocation proceedings are civil in nature and, as such, the rules of civil procedure should apply. Additionally, he argues that the rules of criminal procedure do not apply to probation violations, as these types of violations are not included in the definition of "offense" in Title 46.

¶12 An individual serving a suspended sentence lives knowing that "a fixed sentence for a definite term hangs over him." *State v. Watts*, 221 Mont. 104, 106, 717 P.2d 24, 26 (1986) (quoting *Roberts v. United States*, 320 U.S. 264, 64 S. Ct. 113 (1943)). We have characterized probation as "an act of grace by a sentencing court," given with the purpose of offering the defendant an alternative to prison. *State v. Boulton*, 2006 MT 170, ¶ 15, 332 Mont. 538, 140 P.3d 482; *Watts*, 221 Mont. at 106, 717 P.2d at 26. When an individual violates the terms of a suspended sentence, the district court must determine whether the goal of rehabilitation is "best served by continued liberty or by

incarceration." *Boulton*, ¶ 15 (citations omitted). A revocation proceeding differs from a criminal adjudication and does not require the same level of proof. *Watts*, 221 Mont. at 106, 717 P.2d at 25. For instance, a criminal conviction requires proof beyond a reasonable doubt, whereas a suspended sentence may be revoked if the prosecution proves a violation by a preponderance of the evidence. Section 46-18-203(6)(a), MCA; *Boulton*, ¶ 15.

¶13 However, while the level of proof in a revocation resembles a civil case, the rules of criminal and appellate procedure are still applicable to the proceedings.[1] For example, a district court judge presiding over a revocation must follow the dictates of § 46-18-203(7), MCA, which provides for three sentencing options upon revocation. *State v. Seals*, 2007 MT 71, ¶ 16, 336 Mont. 416, 156 P.3d 15; § 46-18-203(7), MCA. Moreover, sentencing after the revocation of a suspended or deferred sentence is "particularly and expressly" governed by § 46-18-203, MCA. *Seals*, ¶ 15. Because revocations, at their root, involve a criminal case, the rules of criminal procedure apply when an individual seeks to challenge the sentence received upon revocation.

¶14 Criminal defendants seeking to challenge their sentences must follow the procedures established by the Montana Rules of Criminal Procedure in Title 46, MCA. A criminal defendant may seek review, as Osborn did here, with the Sentence Review Division. The Sentence Review Division, codified at §§ 46-18-901 to -905, MCA,

---

[1] We have also held that the Rules of Evidence, including the hearsay rules, do not apply in revocation hearings. *State v. Macker*, 2014 MT 3, ¶ 15, 373 Mont. 199, 317 P.3d 150; M. R. Evid. 101(c)(3).

reviews questions of equity, "such as length of sentence or proportionality to the crime." *Jordan v. State*, 2008 MT 334, ¶ 18, 346 Mont. 193, 194 P.3d 657 (citations omitted). A criminal defendant seeking to challenge the legality of a sentence must follow the method established in § 46-20-101(2), which provides that the only method of review in criminal cases shall be by notice of appeal to the Montana Supreme Court. *State v. Tweed*, 2002 MT 286, ¶ 12, 312 Mont. 482, 59 P.3d 1105 (overruled on other grounds by *State v. Deserly*, 2008 MT 242, 344 Mont. 486, 188 P.3d 1057). The Supreme Court reviews sentences for legality only. *Jordan*, ¶ 18 (citations omitted).

¶15 Here, Osborn could have challenged the legality of his sentence through a direct appeal to this Court. Under M. R. App. P. 4(5)(b)(i), a defendant must file notice of appeal within 60 days after entry of judgment. *Tweed*, ¶ 12 (applying older version of M. R. App. P. 5(b)). The Supreme Court may grant an out-of-time appeal only under "extraordinary circumstances amounting to a gross miscarriage of justice." M. R. App. P. 4(6). "If a defendant does not appeal, he is generally precluded from later challenging the legality of the sentence." *State v. Adams*, 2013 MT 189, ¶ 15, 371 Mont. 28, 305 P.3d 808. The written judgment on Osborn's conviction and sentence was filed on December 31, 2013. The time to appeal to this Court expired on March 1, 2014. Rather than challenging the legality of the sentence through the direct appeal process, Osborn filed a M. R. Civ. P. 60(b) motion in Missoula District Court. Osborn did not perfect his appeal within the timeframe and is therefore precluded from challenging his sentence with the Montana Supreme Court.

7

¶16    For the reasons stated above, we affirm the District Court's denial of Osborn's

motion pursuant to M. R. Civ. P. 60(b).

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE