FILED

10/04/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0667

DA 15-0667

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 252N

IN THE MATTER OF:

CHRISTOPHER DUFFY,

      Petitioner and Appellant,

    v.

JUSTICE COURT OF PARK COUNTY,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV-2015-83
Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Scott A. Albers, Attorney at Law, Great Falls, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General, Helena, Montana

          Bruce E. Becker, Park County Attorney, Livingston, Montana

Submitted on Briefs:  September 14, 2016

Decided:  October 4, 2016

Filed:

                              Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In March 2004, Christopher Duffy entered a guilty plea to partner or family member assault in the Justice Court of Park County. A short time later he filed a motion to withdraw the plea on the ground that it was involuntary. The Justice Court denied his motion. Duffy then filed a petition for postconviction relief, which the District Court denied. In *Duffy v. State*, 2005 MT 228, 328 Mont. 369, 120 P.3d 398, we affirmed the District Court's conclusion that Duffy voluntarily entered his guilty plea.

¶3 In July 2015, Duffy filed a petition under M. R. Civ. P. 60(b)(4) to set aside his judgment of conviction as void. He asserted that, at the time he entered his plea, the Justice Court had not advised him that he had the right to a jury trial in district court. The District Court denied Duffy's petition. The court reasoned first that the Montana Rules of Civil Procedure do not apply in criminal cases. The court also observed that Duffy could challenge only the voluntary nature of his guilty plea—an issue that this Court settled in *Duffy*. *See Hardin v. State*, 2006 MT 272, ¶ 23, 334 Mont. 204, 146 P.3d 746 ("Generally, when a criminal defendant voluntarily and knowingly enters a guilty plea, he waives the right to appeal all nonjurisdictional defects which occurred prior to entry of

2

the plea, including claims of constitutional violations."). The District Court therefore concluded that Duffy could not raise the jury trial issue in a petition to void his criminal judgment. Duffy appeals.

¶4 We review a district court's interpretation or construction of a statute or procedural rule for correctness. *State v. Osborn*, 2015 MT 48, ¶ 9, 378 Mont. 244, 343 P.3d 1188. Here, the District Court concluded correctly that Duffy could not rely on M. R. Civ. P. 60(b)(4) to challenge his criminal conviction because "[c]riminal defendants seeking to challenge their sentences *must* follow the procedures established by the Montana Rules of Criminal Procedure in Title 46, MCA." *Osborn*, ¶ 14 (emphasis added); *see* M. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings."). Duffy sought available postconviction remedies more than a decade ago, and he cannot avoid their concomitant procedural bar by invoking rules of civil procedure under the guise of an allegedly "void judgment." Because the District Court correctly dismissed Duffy's petition, we decline to address Duffy's other arguments on appeal.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of this Court, the case presents a question controlled by settled law. The District Court's order denying Duffy's petition to set aside the 2004 judgment is affirmed.


/S/ BETH BAKER

3

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JIM RICE