FILED

10/22/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0286

DA 24-0286

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 242N

JAMES WILLIAM WALKER,

     Petitioner and Appellant,

  v.

STATE OF MONTANA,

     Respondent and Appellee.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-2023-1199
Honorable Andrew Breuner, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          James William Walker, Self-Represented, Deer Lodge, Montana

     For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz,
Assistant Attorney General, Helena, Montana

          Audrey S. Cromwell, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  August 28, 2024

Decided:  October 22, 2024

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 James William Walker appeals from the March 25, 2024 order of the Eighteenth Judicial District Court denying his motion for summary judgment and closing the case. We affirm.

¶3 In 2017, a jury found Walker guilty of aggravated assault and he was sentenced to 20 years in Montana State Prison. Walker did not directly appeal his conviction but filed a petition for postconviction relief in 2022. The district court denied the petition as untimely, and we affirmed. *Walker v. State*, DA 22-0626, 2023 MT 66N, 2023 Mont. LEXIS 382.

¶4 In this case, Walker brought a "'Notice of Information' and Motion for 'Action' by the Court on Rule 60(d)(3) 'Fraud' on the Court" (Notice). After the State failed to respond, Walker filed a motion for summary judgment, arguing his Notice was prima facie evidence that the Deputy County Attorney who prosecuted his case had perpetrated fraud on the court. The District Court denied his motion and closed his case after finding that the Notice was procedurally and substantively improper and could not be considered by the court under the circumstances.

¶5 We agree. Montana Rule of Civil Procedure 60(d)(3) is a rule of *civil* procedure used to set aside a *civil* judgment based on fraud. Nor is Rule 60 the proper mechanism for the relief he seeks now, as there is no underlying civil case. Walker was convicted of criminal aggravated assault. There are specific mechanisms to challenge criminal convictions. *See, e.g.*, § 46-21-101, MCA; *see also State v. Osborn*, 2015 MT 48, ¶ 14, 378 Mont. 244, 343 P.3d 1188. Walker clarifies in his reply brief that he is not seeking relief from his judgment in this case but is instead merely asking the court to use its inherent power to expose the alleged fraud on the court by the Deputy County Attorney.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶7 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE